**Henry C. Hill, Appellant, v. The Thomas B. Jeffery Company, Appellee.**

**Gen. No. 25,016.**

1. Depositions—*when attempt to take plaintiff's deposition is unwarranted.* The practice of a defendant attempting to take a plaintiff's deposition to find out from him facts on which he predicates a right of recovery, for the purpose of having witnesses in a foreign country who cannot be made amenable to the disciplinary powers of the court because of their absence from its jurisdiction, give evidence in contradiction of plaintiff, condemned, being unwarranted.

2. Depositions—*when party to action at law cannot be compelled to testify by deposition.* Under Rev. St. ch. 51, sec. 26 (J. & A. ¶ 5543), providing the manner of issuing a *dedimus potestatem*, etc., and section 6 (J. & A. ¶ 5523), regarding the power to examine an

adverse party upon a trial, etc., and section 36 (J. & A. ¶ 5553), regarding proceedings against and punishment of a witness refusing to obey a subpœna to testify, a party to a suit cannot be compelled to testify at the instance of an adverse party by deposition in a suit at law.

3. Witnesses, § 4*—*when plaintiff not guilty of contempt in declining to appear and testify by deposition.* A plaintiff who declined to appear and testify at the instance of a defendant in answer to a subpœna of the commissioner named in a ¹dedimus was not properly held guilty of contempt.

4. Depositions—*statutory character of proceedings.* The taking of evidence by deposition is purely statutory and the varied steps pointed out by the statute must be taken to make the evidence so taken admissible upon a trial.

5. Witnesses, § 4*—*when plaintiff not guilty of contempt in refusing to answer subpœna to testify under dedimus.* The power to compel a party to testify under a *dedimus* must be mutual, and as Rev. St. ch. 51, sec. 36 (J. & A. ¶ 5553), relating to the procedure against and punishment of a witness refusing to obey a subpœna to testify, does not apply to a corporation, the plaintiff in the action in question who refused to answer a subpœna to testify before a commissioner under a *dedimus* issued upon the application of the corporation defendant was not properly held guilty of contempt.

Appeal from the Superior Court of Cook county; the Hon. Oscar Hebel, Judge, presiding. Heard in this court at the March term, 1919. Reversed. Opinion filed October 27, 1919.

Miller, Gorham & Wales, for appellant.

Mayer, Meyer, Austrian & Platt, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

This is an appeal from an order committing the plaintiff to jail for a contempt of court in failing to obey a subpœna issued by one John H. Lewis, Jr., a master in chancery at Galesburg, Knox county, this State, as a witness under a *dedimus potestatem* issued in this case by defendant to take the deposition

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of plaintiff as its witness in said cause, there to remain confined and deprived of his liberty until he evidences to the court a willingness to obey the subpœna, appear before the master at Galesburg and submit himself for examination as such witness.

The twenty-two assignments of error practically resolve themselves into the one controlling principle of law—can a party to a suit at law be compelled to testify otherwise than upon the trial of the cause?

Plaintiff is a resident of Galesburg in Knox county, Illinois, and commenced the suit in this record in the Superior Court of Cook county to recover a debt claimed to be due him from defendant. Defendant gave a statutory notice in due form to plaintiff to take depositions orally of witnesses resident in Paris, France. It then gave notice to take the deposition of plaintiff at Galesburg, as its counsel claimed, in writing, that it might learn of plaintiff's evidence in support of his claim, so that the Paris witnesses might testify in contradiction. Plaintiff declined to appear and testify at Galesburg in answer to a subpœna of the commissioner named in the *dedimus,* whereupon an order was obtained against him in the Superior Court on the petition of defendant commanding him to obey the subpœna and to appear and testify before the commissioner at Galesburg. This he failed to do. A rule was then entered against him to show cause why he should not be dealt with as for a contempt of court in failing to appear and testify before the commissioner at Galesburg, as previously ordered by the court. Upon a hearing plaintiff was found to be guilty of a contempt of court and committed to the Cook county jail, there to remain until such time as he indicated a willingness to comply with the order and appear before the commissioner as a witness as commanded by the previous order.

While, from the earliest times, evidence in equity causes was taken by deposition and oral testimony

not allowed until comparatively later years, the rule of the common law did not permit of evidence by deposition, but confined evidence in law cases to the testimony of witnesses orally examined in open court at the time of the trial. Not until 1774 in England could evidence be given in law cases by deposition, and the right to examine witnesses by deposition in this State is circumscribed by the provisions of chapter 51, Rev. St. entitled "Evidence and Depositions." In *Ex parte Fisk,* 113 U. S. 713, the court held on this question that "It is not according to common usage to call a party in advance of the trial at law, and subject him to all the skill of opposing counsel to extract something which he may then use or not, as it suits his purpose."

This reasoning is particularly applicable to the condition presented by the record before us, for it stands admitted by defendant's counsel that it is not merely the evidence of plaintiff that it desires, but to find out from him the facts on which he predicates a right of recovery for the purpose of having the witnesses in Paris, France, who cannot be made amenable to the disciplinary powers of the court because of their absence from its jurisdiction, give evidence in contradiction of plaintiff's testimony. This carries with it an assumption on the part of defendant that its Parisian witnesses will in their testimony deny whatever facts may be testified to by plaintiff, regardless of what the truth may be. This theory is subversive of the due administration of justice and would seem, if judicially sanctioned, to open a path for perjury.

Furthermore, this is an attempt to do indirectly what the law does not permit to be done directly, viz., the interrogating before trial of a party regarding the facts supporting his action. There are states in which statutes permit of such interrogation, but Illinois is not yet one of them.

The sections in chapter 51, *supra,* involved in this

controversy are section 26 (J. & A. ¶ 5543), which provides for the manner of issuing a *dedimus potestatem,* etc., section 6 (J. & A. ¶ 5523), regarding the power to examine an adverse party upon a trial, etc., and section 36 (J. & A. ¶ 5553), regarding proceeding against and punishment of a witness refusing to obey a subpœna to testify.

So far as a party to a suit is concerned, he cannot under our statutes be compelled to testify at the instance of an adverse party by deposition in a suit at law.

Section 36 as applied to cases at law simply permits depositions of witnesses to be taken and used in evidence upon the trial, in that regard changing the common-law rule.

The cases cited in defendant's brief where parties were dealt with as for a contempt for not obeying the subpœna issued by a commissioner under *dedimus* are all chancery cases, and we find no case in the courts of review in this State expressly adjudicating that a party to a suit may be compelled by his adversary to submit, at a time preceding the trial of the cause, to an examination by deposition touching his claim.

The provision in section 36, *supra,* providing for the punishment of witnesses refusing to appear before a commissioner under a *dedimus* in answer to a subpœna was held unconstitutional, and the Circuit Court was held to be without power to punish a witness refusing to obey such subpœna. *Puterbaugh v. Smith,* 131 Ill. 199; *McIntyre v. People,* 227 Ill. 26; *Marshall v. Irwin,* 280 Ill. 90. We think *Puterbaugh v. Smith* quite in point on the facts in the case before us.

The *seriatim* course of events is as follows: Service of a subpœna upon plaintiff by the master to appear under the *dedimus* for examination; failure to obey the subpœna; filing of a petition for an order on plaintiff directing him to obey the subpœna and appear before the commissioner and testify; entry of such

order; failure of plaintiff to obey the order of court; and lastly, adjudging plaintiff guilty of contempt of court for failure to appear in obedience to the subpœna issued by the master. We think in these circumstances *Puterbaugh v. Smith, supra,* states the principle of law controlling this case thus:

"Where a person refuses to appear before a notary public and give his deposition, in obedience to a subpœna issued by him, it may be truly said that he acts in contempt of the authority of the notary; but how can it be said that he thereby acts in contempt of the Circuit Court, or of the judge of that court? He owed, by reason of the service of the subpœna, no duty to the Circuit Court or to the judge thereof. As to the Circuit Court and its judge, his failure to obey the subpœna simply placed him in the same situation as all other wilful violators of the law." *McIntyre v. People, supra.*

As in the cases *supra,* this was an attempt to punish as for a contempt plaintiff's disobedience of the commissioner's subpœna and not of any valid order of the court. The taking of evidence by deposition is purely statutory and the varied steps pointed out by the statute must be followed in order to make the evidence so taken admissible upon a trial. No orders of court are contemplated to be made in the issuing of a *dedimus* under section 36. Furthermore, the power to compel a party to testify under a *dedimus* must be mutual, and it is patent that the statute does not apply to a corporation. If the Superior Court had the power to compel plaintiff to testify under the *dedimus,* it must do so in the exercise of its judicial discretion; and, the facts considered, it is clear that the order of commital for contempt was an abuse of such discretion. Good faith was an indispensable element in the object which defendant sought to attain, and that good faith is admittedly lacking. In the similar case of *In re Davis,* 38 Kan. 408, the lack of good faith was held to be sufficient to accomplish the discharge of the

petitioner, who h~d been committed as for contempt of court for failure to submit himself for examination under a *dedimus,* and the court said:

"There is an express admission by the railway company that it was not acting in good faith in the matter, and did not intend to offer in evidence the deposition proposed to be taken, but that it was acting oppressively, and for the purpose of fishing out the plaintiff's evidence. This being conceded, the attempt to compel him to testify, and his imprisonment for refusing, is a clear abuse of judicial authority and process."

From the admissions of defendant, through its counsel, its purpose in seeking an examination of plaintiff under a *dedimus* is shown to be as unwarranted as the purposes were adjudged to be in the *Davis* case, *supra.*

*Schmidt v. Cooper,* 274 Ill. 243, cited by defendant, is a chancery case and not in point.

The order of commitment of the Superior Court appealed from was unwarranted and it is therefore reversed.

*Reversed.*