DAVID PUTERBAUGH

*v.*

CHARLES B. SMITH *et al.*

131 199
171 69
131 199
77a 314
131 199
113a 199

*Filed at Ottawa January 21, 1890.*

1. RIGHT OF TRIAL BY JURY—*taking depositions—refusal to obey subpœna—amendatory act of 1879—constitutionality.* So much of the act of May, 1879, amending section 36, of chapter 51, of the Revised Statutes, entitled "Evidence," as authorizes the circuit court, or circuit judge, in vacation, to punish in a summary manner, by fine and imprisonment, or fine or imprisonment, a person who shall refuse to obey a subpœna of a notary public to appear and have his deposition taken, or to subscribe his name to his deposition, is unconstitutional and void, as depriving the party of a right to a trial by jury.

2. SAME—*exceptions to constitutional right.* It is conceded, however, that the enforcement of the authority of the court during the progress of a trial, for the speedy, orderly and impartial administration of justice between litigants, and the enforcement of final judgments and orders after trial, according to the principles and precedents of the common law, are not within the contemplation of section 9, article 2, of the constitution, guaranteeing a trial by jury.

APPEAL from the Circuit Court of Stephenson county; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. HORATIO G. BURCHARD, for the appellant:

The amendment of section 36, passed in 1879, so far as it relates to the mode of trial and punishment for disobedience of a subpœna issued by a notary public to take a deposition in a suit pending in another State, is in conflict with the constitution:

*First*—With article 2, section 6, in that it permits and authorizes a warrant to issue upon the unsworn report of a notary public, and without affidavit in support being made or filed.

*Second*—With section 9 of the same article, in so far as it authorizes the alleged offender to be taken to a county other

than that in which the offense is alleged to have been committed, and there tried and sentenced to punishment.

*Third*—With sections 2 and 9 of the article, since it makes no provision for and dispenses with a trial by jury, and gives power to deprive of liberty and property without due process of law. *Bullock* v. *Geomble*, 45 Ill. 218.

*Fourth*—With article 6, sections 10 and 12, because the powers it confers upon a judge in vacation are limited, and intended by those sections to be exercised by circuit courts, at terms holden in each county; and a circuit judge in vacation, and absent from the county, is not the circuit court of the county.

Contempt of court is a special criminal offense, and no court has power to punish it save that in which it is committed. *In re Williamson*, 26 Pa. St. 9.

Mr. Justice Scholfield delivered the opinion of the Court:

By the act approved May 31, 1879, amending section 36 of chapter 51 of the Revised Statutes of 1874, entitled "Evidence and Depositions," notaries public and other officers therein named, who may, at any time, be required to take depositions in any cause pending in any court of law or equity in this State, or by virtue of any commission issued out of any court of record in any other State, are empowered to issue subpœnas to compel the attendance of witnesses, and if any witness shall willfully neglect or refuse to obey such subpœna, etc., the officer issuing the same is required to at once report, in writing, the fact of such willful refusal or neglect, and file the same with the clerk of the circuit court of the county. And the section then proceeds thus: "And thereupon attachment shall issue out of said court against such offending witness, returnable forthwith, before the circuit court of such county, if in term time, or before any judge of said court, if in vacation, who shall hear and determine the matter in a summary way;

and it appearing to the court that the neglect or refusal of such witness to appear or testify, or to subscribe such deposition, as aforesaid, is willful and without lawful excuse, the court shall punish such witness by fine and imprisonment in the county jail, or by fine or imprisonment in the county jail, as the nature of the case may require, as is now, or as may hereafter be, lawful for the court to do in cases of contempt of court." Public Laws of 1879, p. 162.

Appellant was subpœnaed to attend before a notary public and give his deposition in a case pending before a court in the State of Kansas, and he was imprisoned by order of the judge of the circuit court of the circuit in which the deposition was attempted to be taken, made in vacation, on summary process, without the benefit of trial by jury. The pleadings present the question, whether so much of the statute as assumes to authorize this, is within the prohibition of section 9, article 2, of our constitution, which guarantees that in all criminal prosecutions the accused shall have a trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the case is therefore brought directly to this court from the trial court.

We may, and do, concede that the mere enforcing of the authority of the court, during the progress of trials, for the speedy, orderly and impartial administration of justice between litigants, and the enforcing of the final judgments and orders of the court after the trial, according to the principles and precedents of the common law, are not within the contemplation of this provision of the constitution. But proceedings by contempt, to enforce the authority of a jurisdiction different from that of the court enforcing it, are unknown to the common law. Thus, Blackstone says: "The contempts that are thus" (summarily) "punished are either *direct,* which openly insult or resist the powers of the courts or the persons of the judges who preside there, or else *consequential,* which, without such

gross insolence or direct opposition, plainly tend to create a universal disregard of their authority." (Vol. 4, pp. 283, *284, Sharswood's ed.    See, also, Hawkins' P. C. book 1, chap. 6.) And so it is said in Rapalje on Contempts, sec. 13 : "It is a well settled rule, that the court, alone, in which a contempt is committed, or whose order or authority is defied, has power to punish it, or to entertain proceedings to that end." See, also, authorities cited in note 3, on same page ; Hawes on Jurisdiction of Courts, sec. 223.

Where a person refuses to appear before a notary public and give his deposition, in obedience to a subpœna issued by him, it may be truly said that he acts in contempt of the authority of the notary; but how can it be said that he thereby acts in contempt of the circuit court, or of the judge of that court? He owed, by reason of the service of the subpœna, no duty to the circuit court or to the judge thereof.    As to the circuit court and its judge, his failure to obey the subpœna simply placed him in the same situation as all other willful violators of the law.    No one would pretend that it is competent for the General Assembly to enact that the crimes and misdemeanors enumerated in the Criminal Code shall hereafter be contempts of court, and summarily punished as such, and thus deny to the parties accused the right of trial by jury,—and this, for the plain reason that the General Assembly can not deny to individuals the guaranteed rights of the constitution by simply changing the names of things.    It can not make that punishable as a contempt which, in the nature of things, can not be a contempt of the authority imposing the punishment.

In the instances *supra*, where we concede the right to exist to proceed summarily for contempt, it is manifest the right is indispensable to the execution of the functions of the court, for if every coercive step must be preceded by a jury trial, it is manifest that a party, by the simple repetition of disobedience or resistance, might render trials interminable.    (*Johnson* v.

*Commonwealth,* 1 Bibb, 602.) But where an individual is being proceeded against in one tribunal for an act done in the presence and in derogation of the authority of a different tribunal, the ability of the trial tribunal to exercise its proper functions is not involved. The act charged had no tendency to hinder or delay it in the lawful execution of its authority. It takes no notice, as of its own knowledge, of anything connected with the offense charged, but everything must be proved, as in any other criminal case.

We held in *Storey* v. *The People,* 79 Ill. 45, that the publication of a libel not directly calculated to hinder, obstruct or delay courts in the exercise of their proper functions, could not be treated and punished summarily as a contempt of court. And the same principle applied here requires that we shall hold that that which is not an obstruction of the exercise of the functions of a court in conducting trials before it, or in enforcing its process, shall not be punishable as a contempt of court, summarily and without trial by jury. Wherever there is a criminal prosecution,—and that is always the case where the proceeding is an original one to have a party punished for the violation of a statute,—the defendant is entitled, under the constitution, to a jury trial. So much of the present statute, therefore, as authorizes the circuit judge to proceed summarily and without a jury, being contrary to the constitution, is void, and not law.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*