CHARLES H. MCINTYRE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*

*Opinion filed April 18, 1907.*

CONSTITUTIONAL LAW—*contempt provision of section 36 of Evidence act, as applied to notary public, is unconstitutional.* Section 36 of the Evidence act, in so far as it authorizes the circuit court to punish in a summary manner, by fine or imprisonment, a person who refuses to obey a summons of a notary public to appear and have his deposition taken in a cause pending in that court, but in which no order directing the notary to take such testimony, as a special master or otherwise, had been entered, is unconstitutional.

APPEAL from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding.

FRANK H. CULVER, for appellant.

A. W. MARTIN, and EDWARD H. S. MARTIN, for appellee.

Per CURIAM: This is an appeal from an order entered by a judge of the superior court of Cook county finding appellant guilty of contempt of court and fining him $50 and costs, and ordering him to be committed to the county jail, not exceeding six months, until the fine and costs should be paid.

It appears that a certain chancery proceeding was in progress in that court, and in the course thereof the solicitors for one of the defendants gave notice to the solicitor for the other parties that he would cause the deposition of appellant and another to be taken October 4, 1906, before

one Elmer E. Ledbetter, a notary public. This notice was given in accordance with section 36 of chapter 51 (Hurd's Stat. 1905, p. 1040,) which provides that notaries public, and certain other officers who may be required to take depositions in any of the courts of law or equity in this State or by virtue of any commission issued out of any court of record in any other State, are empowered to issue subpœnas to compel the attendance of witnesses, and if a witness willfully neglects or refuses to obey said subpœna the officer issuing the same is required to at once report, in writing, the facts of such refusal or neglect and file the same with the clerk of the circuit court of the county. The section then proceeds: "And thereupon, attachment shall issue out of said court against such offending witness, returnable forthwith, before the circuit court of such county if in term time, or before any judge of said court, if in vacation, who shall hear and determine the matter in a summary way, and it appearing to the court that the neglect or refusal of such witness to appear or testify, or to subscribe such deposition as aforesaid, is willful, and without lawful excuse, the court shall punish such witness by fine, and imprisonment in the county jail, or by fine, or imprisonment in the county jail as the nature of the case may require, as is now, or as may hereafter be lawful for the court to do in cases of contempt of court." A subpœna signed by said Ledbetter was served on appellant and witness fees tendered to and accepted by him. He neglected to appear at the hearing, and Ledbetter, as such notary public, filed with the clerk of the superior court a report, in writing, of the facts, with a copy of the subpœna and return of service and a copy of the notice served on solicitors. This report was supported by affidavits attached thereto, and the superior court, thereupon, after an examination of the same, found appellant in contempt of court for neglecting and refusing to appear before the said notary public at the taking of the deposition in said case as commanded by the subpœna, and ordered that

the clerk of the court issue an attachment, directed to the sheriff of Cook county, against the said appellant and bring him before the court forthwith. Such attachment was thereupon issued and appellant was brought before the court by the sheriff. The court continued the case and permitted appellant to file an answer. By said answer appellant insisted that the statute under which the court issued the attachment was, and always had been, unconstitutional and void. When the matter came on for hearing, after the court had read the answer, the judge presiding asked appellant if he would appear before the notary on a day thereafter and give testimony, and appellant, by his counsel, declined to so appear and testify, giving his reasons. The court then found that the notary was one in fact and law, and that he had jurisdiction to issue said subpœna and to take said depositions, and that "the neglect or refusal of said Charles H. McIntyre to appear before said Ledbetter on the 4th day of October, 1906, and then and there give testimony, was willful and without lawful excuse. It is therefore ordered and adjudged that said Charles H. McIntyre is guilty of contempt of this court, and that he be and is hereby fined the sum of $50" and costs, and that, in default of the payment of said fine and costs forthwith, he be committed to the county jail until such fine and costs are paid, unless he be sooner released by due process of law, not exceeding six months.

This court in *Puterbaugh* v. *Smith*, 131 Ill. 199, had this section of the statute under consideration, and we there held that so much of it as authorized the circuit court or circuit judge to punish in a summary manner, by fine or imprisonment, a person who refused to obey the subpœna of a notary public to appear and have his deposition taken or subscribe his name to his deposition in a case pending before a court in another State (Kansas) was unconstitutional, as contrary to section 9 of article 2 of our constitution.

Appellee contends that this being a suit originating in the superior court of Cook county, that court, in order to enforce its authority during the progress of the trial, may punish a person for contempt for failure to appear before a notary public in answer to a subpœna to take the deposition in such case. No order of any kind had been entered by the superior court as to the taking of this deposition, previous to the subpœna being issued by the notary public. The first order issued by that court was on the report of the notary public stating that appellant had failed to answer the subpœna, and while the court did ask appellant, when he was brought in on attachment, if he would appear before the notary, and he refused, manifestly, from the order punishing him for contempt, as set out above, it was entered not for the failure to comply with the court's request, but for failure to answer the original subpœna.

In *People* v. *Kipley,* 171 Ill. 44, in the discussion of the Chicago Civil Service act, this court referred to the case of *Puterbaugh* v. *Smith, supra,* and, without in any way attempting to overrule its findings, upheld the constitutionality of the Civil Service act giving the courts the authority to punish for contempt thereunder if a person failed to answer a subpœna and appear and testify and produce books before the commission, but we there said that the act did not provide for the punishment of the party for failing to obey the subpœna of the commission, but for failing to obey the order made by the circuit court. "When the application is made by the commission or commissioners, the court is authorized to compel the attendance of witnesses, by attachment for contempt or otherwise, 'in the same manner as the production of evidence may be compelled before said court.' The orderly course of the proceeding would require that an order should be made requiring the witness to testify, and that it should appear that the witness refused to obey said order before the punishment for contempt could be inflicted upon him." This court therein quoted with ap-

proval. and relied upon *Inter-State Commerce Commission* v. *Brimson,* 154 U. S. 447. In that case the United States Supreme Court held that, except in particular instances enumerated, the power to impose a fine or to imprison in order to compel the performance of a legal duty can only be exercised, under the law, by a competent judicial tribunal having jurisdiction in the premises; that such power can not be committed to a subordinate or executive tribunal for final determination. In the case at bar the superior court adjudged appellant guilty of contempt, not for any act he had done in contravention of the judicial authority of that court, but for disobeying the subpœna of a notary public.

As to the constitutional question involved, on principle we can see no difference, on the facts presented in this case from which the finding of contempt was made, from the case of *Puterbaugh* v. *Smith, supra.*

We do not intend to hold, and are not here and now discussing, whether a witness would be in contempt if the notary public had been appointed as a special master to take evidence under section 5 of chapter 90. (Hurd's Stat. 1905, p. 1356.) If he had been so appointed he would have the same authority to act as would a regular master, and the rules governing the taking of evidence before a regular master would apply in his case. *Farnsworth* v. *Strassler,* 12 Ill. 482; *Davis* v. *Davis,* 30 id. 180; *Lubliner* v. *Yeomans,* 65 id. 305.

The conclusion we have reached on this point renders unnecessary the discussion of any of the other questions involved.

For the reasons stated, the judgment of the superior court is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*