GEORGE SCHMIDT, Appellee, *vs.* PAUL W. COOPER, Appellant.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. DEPOSITIONS—*depositions may be taken before an issue is formed.* The complainant in a bill in chancery is entitled, under section 24 of the Evidence act, to take depositions, upon proper notice, before an answer is filed or an issue is formed and without procuring a special order of the court or obtaining the consent of the witness, but before the witness can be punished for contempt of court in failing to appear a special order of court is necessary.

2. CONTEMPT—*court has power to order witness to appear before a master in chancery before issue is formed.* In a chancery case the court has power, before issue is formed as well as after, to make an order requiring a person to appear before a master in chancery for the purpose of taking his deposition and has power to punish for contempt in case such order is disobeyed. (*Puterbaugh* v. *Smith,* 131 Ill. 199, and *McIntyre* v. *People,* 227 id. 26, explained.)

3. SAME—*power to punish for contempt is inherent in every court of justice.* The power to punish for contempt is inherent in every court of justice, and necessarily includes all acts calculated to impede, embarrass or obstruct the court in the due administration of justice; and this power is independent of statutory provisions.

APPEAL from the Branch "C" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN, (LLOYD C. WHITMAN, and ROLAND D. WHITMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 27, 1915, George Schmidt, the appellee, filed his bill in equity in the circuit court of Cook county against Paul W. Cooper, the appellant, and the Assets Realization Company, Jacob Lavin, Egbert Robinson and the unknown purchasers from the Assets Realization Company of fifty shares of the capital stock of the Riverview Park Company, a corporation. The bill prayed for an injunction restraining the defendants from selling, transferring or incumbering twenty-five of the fifty shares of the capital stock which it is alleged the complainant and George Goldman had purchased from Cooper and which he had assigned to them and which they had divided between them, and the prayer of the bill was for the purpose of securing to the complainant the twenty-five shares of capital stock which he claimed. On the filing of the bill summons was issued and was personally served on the named defendants. On March 31, 1915, the complainant caused a written notice to be served on all the named defendants that on April 7, 1915, he would proceed before Roswell B. Mason, master in chancery of the circuit court, to take the depositions of the defendant Cooper and other witnesses at the office of the master in a designated building in Chicago. The notice was

presented to the master with proof of service, and he thereupon issued his subpœna to the defendant Cooper requiring him to appear before the master at ten o'clock in the forenoon of April 7, 1915, at the place designated in the notice. The subpœna was issued on March 31, 1915, and on the same day was served on Cooper. On the day named in the notice and subpœna, and at the hour and place specified, the complainant, by his solicitors, appeared. The master's subpœna had been returned with proof of service but Cooper did not appear, and thereupon the master certified the facts to the circuit court where the bill had been filed and which had jurisdiction of the cause and the parties. The matter was postponed, and on April 8, 1915, Cooper filed his appearance in the suit and on April 12 filed a demurrer to the bill. On April 21, 1915, the court, on consideration of the master's report, entered an order finding the facts as above stated and ordering Cooper to appear before the master at ten o'clock in the forenoon of April 26, 1915, at the master's office in Chicago, to testify and give evidence on the part of the complainant. A copy of the order was served on Cooper and a subpœna was also issued by the clerk of the court and served. On April 26, 1915, at the time and place fixed by the order of the court and the subpœna of the clerk, Cooper failed to appear but his solicitor appeared, and, while protesting that Cooper was ready and willing to obey all proper and lawful orders of the court, claimed that the court was without power or authority to enter the order because the cause was not at issue. He asserted the law to be that the court could only order Cooper to appear and give evidence after the cause was at issue and regularly referred to the master to take evidence, and that his only method of preserving his rights was to refuse to obey the order. The master certified to the court the proceedings before him on April 26, 1915, and the failure and refusal of Cooper to obey the order of the court and the subpœna, and upon complainant's motion the court on April 27, 1915,

entered a rule on Cooper to show cause by April 30, 1915, why he should not be attached for contempt of court. On April 30, 1915, Cooper appeared in person and by his solicitor and answered the rule to show cause by alleging that the court was without power or authority to order him to appear before the master and give evidence until such time as the case should be at issue and regularly referred to the master in chancery. The court found Cooper guilty of contempt in refusing to obey the order of the court and ordered him committed to the county jail until such time as he should comply with the order. An appeal to the Appellate Court for the First District was allowed and Cooper was admitted to bail and perfected the appeal. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

Section 24 of the act in regard to evidence and depositions in civil cases provides that when the testimony of any witness residing or being within the State shall be necessary in any suit in chancery in this State, the party wishing to use the same may cause the deposition of such witness to be taken before any judge, justice of the peace, clerk of a court, master in chancery or notary public without a commission or filing interrogatories for such purpose, by giving the adverse party or his attorney the notice therein prescribed. It is not denied that depositions of witnesses may be taken in a chancery suit before answer is filed or issue formed and that depositions so taken are competent evidence on the hearing. That question was determined in *Doyle* v. *Wiley,* 15 Ill. 576, and that decision has never been departed from. Depositions had been taken in a former suit between the same parties which had been dismissed, involving the same subject matter, and they were admitted in evidence by the circuit court. The depositions were taken before any issue was formed or answer filed in the first suit but were taken on notice to the defendant. The question was whether the depositions were lawfully

taken before there was any issue to which they could apply, and it was claimed that as there was nothing yet to prove, the depositions were irrelevant. The court said that depositions *de bene esse* had always been known to the courts of chancery in England and it was never heard that they should be treated as irrelevant or that perjury could not be assigned on them because there was no issue formed in the suit, and that while by the English chancery practice such depositions could not be taken without a special order of the court, our statute above referred to had changed the practice and allowed a party to take his depositions without any leave or order of the court. The court considered the question whether the statute dispensed with an order for taking depositions in all cases or whether the order was still required for taking depositions *de bene esse* before issue formed, and the court said that the statute was certainly designed to supersede the necessity for getting an order of the court for taking all depositions, and there could be no good reason for saying that it was the intention of the legislature to dispense with the order in one case and not in another. It was held that when a party files a bill the statute authorizes him to take depositions to prove its averments; that such testimony is necessary, and that a complainant only takes the risk of having the costs to pay if the existing necessity should afterward be superseded by the answer. That decision was indorsed in *Harding* v. *American Glucose Co.* 182 Ill. 551, where it was again said that a complainant has a right, before issue joined, to take depositions to substantiate the averments of his bill.

While it is admitted that a complainant may take depositions, if he can, before issue is joined, it is argued that he can only do so with the consent or concurrence of the witness, who may voluntarily appear or refuse to do so, at his option. The argument that depositions can only be taken before issue joined with the consent of the witness is based on the decisions of *Puterbaugh* v. *Smith,* 131 Ill. 199,

and *McIntyre* v. *People,* 227 id. 26, which give no support
to the claim. What was decided in those cases was that a
court can only punish for contempt for disobedience of its
own authority and not for disobedience of a notary public,
and therefore that portion of section 36 of the act above
referred to, purporting to authorize the circuit court or a
circuit judge in vacation to punish in a summary manner a
person who refuses to obey the subpœna of a notary public,
is unconstitutional, as depriving a party of the right to a
trial by jury. In *Puterbaugh* v. *Smith, supra,* the appellant
was subpœnaed by a notary public to give his deposition in
a case pending before a court in Kansas and was impris-
oned by a judge of the circuit court for disobeying the no-
tary public. This court affirmed the power of every court
to enforce its authority in the administration of justice be-
tween litigants, but held that a proceeding by contempt to
enforce the authority of a jurisdiction different from that
of the court enforcing it was not only unknown to common
law, but that the court in which a contempt is committed or
whose authority is denied is the only court having power
to punish. The court said that Puterbaugh acted in con-
tempt of the authority of the notary public but did not act
in contempt of the circuit court or the judge, to whom he
owed no duty. In *McIntyre* v. *People, supra,* notice was
given in a chancery proceeding to take the deposition of
the appellant before a notary public. A subpœna of the
notary was served on the appellant and he failed to appear,
and the court, on proof of such facts, found the appellant
guilty and imposed a fine. This court said that the court
had adjudged appellant guilty of contempt, not for any act
he had done in contravention of the judicial authority of
the court, since no order of the court had been made for
the taking of the deposition, but there had been merely a
disobedience of the subpœna of the notary public. Under
these decisions there must be an order of the court for
taking the deposition, and a disobedience of that order,

to enable the court to punish for contempt, and the fact that a court cannot punish for contempt of its authority an act merely in disobedience of the command of a notary public is of no importance.

The material question in this case, therefore, is whether the circuit court had power to make the order. Under the English chancery practice, unaffected by any statute, no deposition could be taken, either *de bene esse* or after issue joined, without a special order of the court for that purpose. Testimony was taken by written questions put to witnesses by an officer of the court or some person duly authorized, and the practice of taking oral testimony in open court upon a hearing was unknown except for making formal proof of exhibits to the bill or answer, and in this State, under our statute, where the court, for want of plea or answer, might render a decree *pro confesso* against the defendant. (*McClay* v. *Norris*, 4 Gilm. 370.) It was not until the act of 1849 that oral testimony was permitted on the hearing of contested cases. Necessarily, courts of chancery have always had power to compel the attendance of witnesses for the purpose of taking depositions, and the power is inherent in courts of equity to enable them to perform their functions. (13 Cyc. 834.) Our statute gives a complainant a right to take depositions to prove the averments of his bill before issue formed, and it cannot be supposed that the legislature intended that he must procure the consent of the witness and did not intend to confer upon him any right, but really to confer upon the witness the privilege to determine whether the complainant could prove his bill or not. Necessarily, if complainant has the right there must be power in the court to enforce the right, and there is no ground for distinction, in the exercise of the power, between a case where testimony is necessary after issue is formed or before. To deny such power would render a court impotent and deny the power to secure testimony in any case or at any stage of any case. The statute

permits the taking of depositions either before or after issue is formed, but if a witness refuses to appear and testify, an order is necessary to enable the court to punish the witness for contempt, whether the deposition is taken before issue formed or upon a reference to the master after issue.

It is argued that the court ought not to have power to make an order before the regular reference to the master, because the master would have no power to rule upon the admissibility of evidence, and the complainant might be examined, without any limitation, concerning his private business affairs. That is equally true under a reference after issue is formed, and while a master may refuse to put to a witness a question having no relation to the issue, he can not compel an answer upon his ruling that the evidence is admissible. If a witness is interrogated concerning some matter which he conceives to be improper he may refuse to answer, and in such a case the master may report to the court and the court rules upon the question. There is no difference, in the respect suggested, between the taking of a deposition before or after issue formed, and there is no greater liability to any abuse arising from the privilege of proving the facts alleged in the bill before issue formed than there is afterward. The court had power to make the order.

The power to punish for contempt is inherent in every court of justice, and necessarily includes all acts calculated to impede, embarrass or obstruct the court in the due administration of justice, and the power is independent of statutory provisions. *Clark* v. *People,* Breese, 340; *Stuart* v. *People,* 3 Scam. 395; *People* v. *Wilson,* 64 Ill. 195; *People* v. *Seymour,* 272 id. 295.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*