(No. 13212.—Appellate Court reversed; superior court affirmed.)
HENRY C. HILL, Appellee, *vs.* THE THOMAS B. JEFFERY
COMPANY, Appellant.

*Opinion filed April 21, 1920.*

1. CONTEMPT—*when judgment for contempt is a final judgment.*
Where a plaintiff who has begun a suit in assumpsit is ordered by
the court, on the authority of a statute, to appear before a master
in chancery and give his deposition, the proceeding to take the depo-
sition, although it has its foundation in the main case, is a separate
case prosecuted independently to enforce a compliance with the
order of the court, and a judgment that the plaintiff is guilty of
contempt in refusing to obey the order is a final judgment, from
which an appeal may be taken.

2. EVIDENCE—*court may compel taking of deposition of adverse
party.* Under sections 6 and 26 of the Evidence act, authorizing
a party to a suit at law to obtain the deposition of an adverse party
residing within the State, and more than one hundred miles from
the jurisdiction of the court, the court has the power to enforce the
taking of the deposition by ordering the party to appear before the
commissioner and testify, and a refusal to appear and testify is a
willful disobedience of the order of the court notwithstanding the
fact that the commissioner issued the subpœna. (*Puterbaugh* v.
*Smith,* 131 Ill. 199, *McIntyre* v. *People,* 227 id. 26, and *Marshall* v.
*Irwin,* 280 id. 90, distinguished.)

3. SAME—*attachment for contempt is proper method to enforce
order for taking deposition.* The power of the court, under sec-
tions 6 and 26 of the Evidence act, to require a party to a suit at
law to appear and give his deposition carries with it power to en-
force its order by adjudging the party to be in contempt if he re-
fuses to obey the order.

4. SAME—*statute for taking depositions is not unconstitutional
because it cannot apply to corporations.* The provisions of the Evi-
dence act which authorize the court to compel a party to testify
by deposition in a suit at law are not unconstitutional because they
cannot apply to corporations, as the difference between natural per-
sons and corporations is a sufficiently manifest reason for a dif-
ference in the rule of law as to taking the depositions of parties.

5. SAME—*court has power to confine taking of deposition to rel-
evant matters.* The right of examination of a witness on the tak-
ing of his deposition in a suit at law is not unrestricted but is lim-
ited to matters which are relevant to the issue, and if the witness
is interrogated concerning any matter which he deems improper he

may refuse to answer, in which case the commissioner may report to the court and the court will rule upon the question.

6. SAME—*statutory right to a deposition does not depend on discretion of court or motive of party seeking it.* The statute declares under what conditions a deposition in a suit at law may be taken, and when those conditions exist the right to take the deposition arises and is not dependent upon the discretion of the court, nor upon the alleged motive of the party who seeks the deposition, nor upon the question whether the deposition, when obtained, will be used on the trial of the cause.

7. APPEALS AND ERRORS—*taking appeal to the Appellate Court waives constitutional questions.* A party who takes an appeal to the Appellate Court waives any constitutional question then arising on the record.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

AMOS C. MILLER, SIDNEY S. GORHAM, HENRY W. WALES, and GILBERT NOXON, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This appeal was granted by the Appellate Court for the First District, together with a certificate of importance, from a judgment which reversed an order of the superior court of Cook county committing Henry C. Hill to the county jail for contempt of court until he shall show to the court that he stands ready to appear and testify as a witness before a commissioner to take depositions, as directed by an order of the court.

The appellee began an action of assumpsit in the superior court of Cook county against the Thomas B. Jeffery Company on December 20, 1915, to recover $278,000 as

commissions on sales of certain of the Jeffery Company's trucks and appliances to the republic of France. The defendant filed a plea of the general issue and certain special pleas, including pleas of set-off. The plaintiff resided at Galesburg, Knox county, Illinois, more than one hundred miles from Cook county, and on September 23, 1918, the defendant, the Jeffery Company, sued out a commission pursuant to notice to take the deposition of the plaintiff before John H. Lewis, Jr., a master in chancery of Knox county. The commissioner issued a subpœna *duces tecum* requiring the plaintiff to appear on September 26, 1918, to testify and to produce various documents mentioned in the subpœna. Acting on the advice of his attorneys the plaintiff failed to appear, and the commissioner thereupon certified these facts to the superior court of Cook county. On September 30, 1918, the defendant, the Jeffery Company, made a motion for an order directing the plaintiff to appear and testify before the commissioner, and on October 7 the superior court entered such order directing the plaintiff to appear on October 9 before the master at Galesburg and testify. The plaintiff failing to comply with this order the master reported that fact to the court, and on motion of the defendant a rule was entered requiring the plaintiff to show cause why he should not be attached for contempt of court in failing to comply with the order to appear and testify. The plaintiff appeared and filed an answer to the rule to show cause, and on October 15 the court entered an order adjudging him guilty of contempt of court and ordering him committed to the county jail of Cook county until he should show the court that he stood ready to appear and testify in acordance with the order of the court.

Section 26 of chapter 51 of the Revised Statutes provides, among other cases in which the depositions of witnesses may be taken, that when the testimony of any witness residing within this State more than one hundred miles from the place of holding the court shall be necessary in

any civil cause pending in any court of law or equity in this State, it shall be lawful for the party wishing to use the same, upon notice specified in the section, to sue out from the proper clerk's office a commission directed to any competent and disinterested person or commissioner, or to any judge, master in chancery, notary public or justice of the peace of the county or city in which such witness may reside, authorizing the taking of the deposition of such witness. Section 28 provides for the oral examination of the witness if either party desires it. Section 6 provides that any party to any civil action, suit or proceeding may compel any adverse party to testify as a witness at the trial or by deposition taken as other depositions are by law required, in the same manner and subject to the same rules as other witnesses. Under the facts, therefore, the defendant had a right to take the deposition of the plaintiff and compel him to testify, if the statute is to be given effect.

The appellee makes the preliminary objection that no appeal lies because the judgment is not final. He argues that the order requiring him to appear and testify was interlocutory and there was no right of appeal from it, (*Lester* v. *Berkowitz,* 125 Ill. 307,) and that the order of the Appellate Court reversing the judgment produces the same situation as if the superior court had refused to order the appellee to testify or to commit him for contempt. The order of commitment by the superior court was a final judgment in the ancillary proceeding, which was brought to enforce the interlocutory order directing the defendant to appear and testify. While the purpose of that proceeding was connected with and had its foundation in the main case, it was a separate case prosecuted independently to enforce a compliance with the order of the court. Whether that order was interlocutory or final was immaterial. If it was lawfully made it was the plaintiff's duty to obey it, and a judgment either that he was guilty of contempt or that he was not is a final judgment.

The appellee insists that the statute should not be given effect and the plaintiff compelled to testify because a court of law has no inherent power to compel a witness to testify by deposition and the statute does not expressly or impliedly give it such power. It is true that at common law the witnesses were produced and examined orally in the trial of the cause, and if their personal attendance could not be secured they could be examined under a commission only by the consent of the parties. This was changed by the first legislature in Illinois, which enacted a statute providing for the taking of depositions in courts of law as well as equity. By that statute, and other statutes enacted since that time, the same power of taking depositions has been conferred upon courts of law as upon courts of equity and the same method of taking depositions has been pursued, though the ordinary method of taking testimony before a master which has always prevailed in courts of equity does not obtain in courts of law. Courts of law had not the power at common law to compel a witness to give his deposition or to attend for that purpose, because depositions were not recognized as instruments of evidence except by consent. Courts of equity had that power because depositions were a means by which testimony was adduced in those courts, and the power was necessary to enable them to perform their functions. Because of the same necessity the statute which conferred upon courts of law authority to receive evidence by depositions gave power to the court to compel the witness to testify and to attend for that purpose. If a party has a right to take a deposition there must be power in the court to enforce the right. (*Schmidt* v. *Cooper,* 274 Ill. 243.) The statute which gave the right did not make it optional with the witness whether he should testify or not, but authorized the commissioner or officer required to take the deposition to issue subpœnas, if necessary, to compel the attendance of the witnesses, in the same manner and under the same penalties as prescribed in other

cases where witnesses were directed to be subpœnaed. The penalty in other cases where witnesses are subpœnaed consists in the liability to punishment for a contempt of the court by whose authority the subpœna issues. The statute did not provide the method for enforcing the penalty, but the method pursued of ordering the witness to appear and testify and of attaching him for contempt on his refusal to obey the order is an appropriate method consistent with the power of the court and the ordinary course of proceedings.

After the statute had been in force for sixty years the legislature amended the section authorizing the commissioner to issue subpœnas, by adding a provision authorizing the commissioner, in case of any witness refusing to obey the subpœna or to testify, to report the facts in writing and file such report in the office of the clerk of the circuit court of the county, whereupon attachment should issue returnable before the circuit court in term time or a judge of that court in vacation, who should determine the matter in a summary way, and if it appeared that the refusal of the witness was willful and without lawful excuse, should punish the witness by fine or imprisonment, or both, as the nature of the case might require, as might be lawful in cases of contempt of court. This provision has been held unconstitutional in the cases of *Puterbaugh* v. *Smith,* 131 Ill. 199, *McIntyre* v. *People,* 227 id. 26, and *Marshall* v. *Irwin,* 280 id. 90, for the reason that the refusal of the witnesses to obey the subpœna or to testify is not a contempt of any order of court but a contempt of the authority of the notary public. But that reason is not applicable to this case. A party having the right to take the deposition of a witness, the court, to enforce that right, must have the power to require the witness to appear for examination and to testify. An order requiring the appearance of the witness was made in this case, and the refusal to appear was a willful disobedience of the order of the court.

Counsel argue that the express grant of power to the commissioner to issue subpœnas is an exclusion of any implication of power in the court. This would amount to holding that there was no power to require the attendance of a witness to give his deposition. While the commissioner may issue the subpœna, he has no method of compelling the witness to obey it or punish him for disobedience. The grant of the right to take the deposition carried with it the right to require the attendance of the witness, and this was not affected by giving the commissioner the authority to summon the witness.

The court cannot compel a witness residing out of the State to appear for giving his deposition outside the State because its jurisdiction does not extend beyond the limits of the State, and the act does not purport to authorize a commissioner appointed by a court of a foreign State to take depositions in this State to procure an order of a court in this State requiring a witness to appear before him and give his deposition. (*Marshall* v. *Irwin, supra.*) The want of power to enforce the attendance of witnesses in such cases is not, however, an argument against the power of the court to require such attendance in a case pending in the court before a commissioner within the State.

It is argued that the power to compel a party to testify by deposition must be mutual, and that since the statute can not apply to a corporation it is not mutual and is therefore unconstitutional. Since the appellee took his appeal to the Appellate Court he waived any constitutional question. The act is not, however, unconstitutional for this reason. It applies alike to all parties under the same conditions. The difference between natural persons and corporations is a sufficiently manifest reason for a difference in the rule of law as to taking the depositions of parties.

It is objected that there can be no power in a court of law to order the examination of a party before trial because it has no power of supervision over the examination

or control over the deposition, and it is urged that the appellee ought not to be required to submit to an unrestricted examination before a commissioner without power to confine it to relevant matters.   It is not true, however, that the court can have no control over the examination or is powerless to supervise it.. The examination of a witness on the giving of his deposition is not unrestricted but should be limited to matters which are relevant to the issue.   If the witness is interrogated concerning any matter which he deems improper he may refuse to answer, and in such case the commissioner may report to the court and the court will rule upon the question.

The appellee contends that the purpose of the appellant in taking the deposition is not to procure evidence for use on the trial but to enable the appellant to contradict the testimony of the appellee by the depositions of witnesses to be taken in Paris, France, and that this purpose constitutes a lack of good faith, which made the entry of the order on the appellee to testify a clear abuse of judicial discretion. On the application for the order on the appellee to testify before the commissioner it appeared that on November 24, 1917, the appellant had sued out a commission to take the depositions of several witnesses in Paris on March 18, 1918, and that by stipulation the time for taking the depositions had been extended to July 30 and again to October 30; that on September 27 the attorneys for the appellant wrote a letter to the attorneys for the appellee referring to the failure of the appellee to appear in response to the commissioner's subpœna, saying that the attorneys for the appellant had explained over the telephone that they deemed it of the utmost importance to their client that the testimony of the appellee should be had in advance of taking the Paris depositions.   They further wrote in this letter:   "As much of the testimony which we desire to take in Paris is to controvert the testimony of Hill regarding his right to recover, we may, for further consideration, deem it advisable, if not

necessary, to continue the taking of the Paris depositions until some future date, or until, at least, we have the opportunity to compel your client to obey the process of the court which he himself invoked to obtain a money judgment." The appellee also filed his affidavit showing that he resides in Galesburg with his family and has no intention of changing his place of residence or absenting himself and will be present at the trial of this case; that the attorneys for the appellant have caused a commission to be issued to take the depositions of certain witnesses in Paris on October 30, 1918; that he is informed and believes that the attorneys for the appellant desire to take the depositions of the appellee before the taking of the Paris depositions, solely for the purpose of being able to thereby ascertain just what the testimony of the appellee will be and of enabling the appellant to advise said Paris witnesses of what the appellee has testified to, before their depositions are taken; that the appellee knows the character of several of the witnesses whose depositions the appellant proposes to take in Paris and knows that many of them would not scruple or hesitate to testify falsely, and that at least four of them have a pecuniary interest in defeating the claim of the appellee.

It is claimed that the appellant desires to secure the evidence of appellee not for use on the trial but to enable it to contradict the same by the depositions of witnesses in Paris. If the motives of the appellant are important, the letter of its counsel on September 27 indicates that one of them was to learn what the testimony of the appellee would be before the taking of the Paris depositions in order to controvert his right to recover by them. There is no basis in the record for the inference which is intimated that the purpose was to contradict his testimony, regardless of the truth, by perjured witnesses. The pleas made issues of fact, the right of recovery was controverted, and the intention of either party to maintain his or its side of the issue was no indication of an intention to suborn perjury for that purpose.

It has been held that the right to take the deposition of an adverse party depends upon the intention of the party taking it to offer it in evidence on the trial of the case. (*In re Davis,* 38 Kan. 408; *Matthews* v. *Missouri Pacific Railway Co.* 142 Mo. 645.)   On the other hand, it has been held that the right given by statute, without qualification, to take the deposition of the adverse party does not depend upon the contingency of its being used as evidence on the trial or on the stated or exclusive intention so to use it. (*In re Foster,* 44 Vt. 570; *Wheeler* v. *Burckhardt,* 34 Ore. 504; *Western Union Telegraph Co.* v. *Williams,* 129 Ky. 515.)   In *Wehrs* v. *State,* 132 Ind. 157, the plaintiff in a suit for personal injuries against a railroad corporation undertook to take the deposition of a witness not a party to the suit but an employee of the defendant.   The witness appeared before the commissioner but refused to answer questions, and on an application to attach him showed that he was a resident of the city in which the cause was pending and would be present at the trial, and that he had good reason to believe that the plaintiff wanted his deposition not to be used as evidence on the trial but to discover in advance what his testimony would be.   The court held that it was for the party to determine whether there was cause for taking the deposition; that the plaintiff had the legal right to take it, and that the witness was properly adjudged guilty of contempt for refusing to answer.

The statute gave the appellant the right to compel the appellee to testify by deposition in the same manner as any other witness but did not make the latter's testimony binding on the former any more than that of any other witness. The appellant might use the deposition if favorable to it or not use it if unfavorable, and, whether it was used or not, might contradict the testimony.   The statute has declared under what conditions a deposition may be taken. When those conditions exist the right to take the deposition arises and is not dependent upon the discretion of the

court. So long as the party is within the terms of the law there is no authority for the investigation of his motives.

The Appellate Court erred in reversing the judgment of the superior court, and its judgment will be reversed and that of the superior court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*