(No. 13333.—Judgment affirmed.)

THE PEOPLE ex rel. Harold L. Ickes, Appellee, vs. WILLIAM A. RUSHWORTH, Appellant.

*Opinion filed October 23, 1920.*

1. CONTEMPT—*power of court to punish for contempt.* The power to punish for contempt is inherent in every court of justice when exercised for the purpose of enforcing its own orders, but the power does not extend to the enforcement of an order of another tribunal.

2. EVIDENCE—*section 36 of Evidence act, to compel taking of depositions, is not unconstitutional.* Section 36 of the Evidence act, as amended in 1919, to compel the taking of depositions, does not violate the constitutional provision for a jury trial, as the petition to compel the taking of a deposition brings before the court the question whether the witness may be compelled to attend and give evidence, the proceeding thereupon constitutes due process of law, and the refusal of the witness then to give his testimony is not a refusal to obey the subpœna of the commissioner but is a refusal to obey the order of the court.

3. SAME—*statutes authorizing taking of depositions for foreign courts are enacted upon principle of comity.* Statutes recognizing the orders of foreign courts pertaining to the taking of depositions by the appointment of a commissioner by the foreign court without the issuing of letters rogatory are enacted and sustained on the principle of comity between States and nations.

4. COMITY—*what is comity.* Comity, in a legal sense, is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another, and is universally extended to all cases where to do so would not conflict with international duty and convenience or with the rights of persons under the protection of national laws.

5. SAME—*when principles of comity will be recognized in Illinois.* The principles of comity will be recognized and given force in Illinois in cases which do not conflict with the laws of Illinois, inflict injustice on its citizens or violate its public policy.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

Ross C. HALL, and LEO SPITZ, for appellant.

DONALD R. RICHBERG, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The question raised in this case involves the constitutionality of section 36 of an act entitled "An act in regard to evidence and depositions in civil cases," approved March 29, 1872, as said section was amended in 1919. (Laws of 1919; p. 710.)

The relator, Harold L. Ickes, was on July 17, 1919, appointed by the Supreme Court of the Province of Ontario, Dominion of Canada, to take the depositions of witnesses on oral examination in the city of Chicago in a suit pending in said court. As such commissioner he issued a subpoena *duces tecum,* which was duly served on the appellant. The appellant appeared at the office of the commissioner at the time specified in the subpoena and then and there refused to be sworn as a witness by the commissioner and to testify in the cause. Thereupon the commissioner filed his petition in the circuit court of Cook county in accordance with the provisions of said section 36. Appellant appeared in the circuit court and filed general and special demurrers to the petition. The special demurrers allege that the court had no jurisdiction of the subject matter and that the act in question is void, being in violation of the constitution of Illinois. A hearing was had on the petition and demurrers. The court overruled the demurrers, the appellant abided his demurrers, and the court entered an order that the witness attend the hearing before the commissioner and testify in the cause and produce certain documents, which he refused to do. The circuit court thereupon imposed a fine on the appellant, and from this order an appeal comes to this court.

Appellant contends that the order of the circuit court requiring him to appear and testify before the commissioner is void, for the reason that section 36 is contrary to section 9 of article 2 of the constitution, guaranteeing that in all criminal prosecutions the accused should have a right to trial by jury; also that the act is void as in contraven-

tion of section 2 of article 2 of the constitution, regarding due process of law. In support of appellant's contention that this section as amended is unconstitutional, *Puterbaugh* v. *Smith,* 131 Ill. 199, *Schmidt* v. *Cooper,* 274 id. 243, and *Marshall* v. *Irwin,* 280 id. 90, are cited. Those cases were decided prior to the amendment of section 36 in 1919. That section as amended provides that a commissioner, whether appointed by a court of this State or any other State, territory or country, has power to issue a subpœna to compel the attendance of witnesses and the production of books and papers in the same manner as witnesses are directed to be subpœnaed in other cases, with the limitation that where the deposition is to be taken by virtue of any commission issued out of any other State, territory or country, the witness cannot be compelled to attend for such examination unless he resides in the county where the deposition is to be taken. Said section as amended further provides as follows: "When any such witness willfully neglects or refuses to obey any such subpœna, or to testify, or to subscribe his deposition when correctly taken, the commissioner or officer issuing such subpœna, shall at once file a petition or complaint against the offending witness in the circuit court of the county in which such deposition is desired to be or has been taken or has been attempted to be taken, and shall set forth therein the facts of such willful refusal or neglect, accompanying the same with a copy of the commission or other authority received by him, together with a copy of the subpœna and the return of service thereof and shall apply for an order requiring such witness to attend and testify, or produce books and papers before such commissioner or officer, or to subscribe his deposition at such time and place as may be specified in such order. Any circuit court of this State, or any judge thereof, either in term time or vacation, upon the filing of such petition or complaint and upon due notice to the offending witness, may, in the judicial discretion of such court or such judge, order

the attendance of such witness, the production of books and papers, and the giving of testimony, before any such commissioner or officer, and the subscribing of the deposition by the witness. If such offending witness shall fail or refuse to obey the order of the court and it shall appear to the court that the failure or refusal of such witness to obey its order is willful, and without lawful excuse, the court shall punish such witness by fine and imprisonment in the county jail, or by fine, or imprisonment in the county jail as the nature of the case may require, as is now, or as may hereafter be lawful for the court to do in cases of contempt of court."

Prior to the amendment of section 36 in 1919 it was sought to give the circuit court power to punish for contempt any witness who failed or refused to appear and testify before such commissioner, it being there provided that upon report of such commissioner in writing showing the willful refusal or neglect of the witness to testify, the circuit court should on summary hearing, by which it appeared to the court that the neglect or refusal of such witness to appear and testify was willful and without lawful excuse, punish him by fine. This act was, in so far as it gave the circuit court power to punish for contempt of the commissioner, held to be unconstitutional in *Puterbaugh* v. *Smith,* *supra,* it being there held that while courts had power to enforce their own decrees and orders by contempt proceedings, yet such courts have no authority to punish for contempt for disobedience of the order or subpœna of a notary public and that contempt of such subpœna could not be enforced without a jury trial. The inherent power of courts to enforce their own orders by contempt proceedings without a jury trial does not extend to the enforcement of an order of another tribunal. To the same effect was the holding in the case of *McIntyre* v. *People,* 227 Ill. 26, the alleged contempt in that case being not for any act done in contravention of the judicial authority of that court but for dis-

obeying the subpœna of a notary public.    So in *Schmidt*
v. *Cooper, supra,* where the previous cases were reviewed,
the same rule was held to apply to a subpœna of a master
in chancery.

In *Marshall* v. *Irwin, supra,* a commission was issued
out of the circuit court of Monroe county, Alabama, to a
commissioner in the city of Chicago to take depositions of
the appellees therein.    The commissioner issued a subpœna
*duces tecum,* and the appellees refused to obey the subpœna
or to appear and give testimony.    The commissioner filed
his petition in the circuit court of Cook county, setting up
the facts and the refusal of the witnesses to appear and
testify.    The petition prayed an order upon appellees to ap-
pear before that court and show cause why the court should
not enter an order commanding them to appear before the
commissioner in answer to the subpœna.    The appellees de-
murred to the petition and the demurrer was sustained.
Upon appeal this court held that section 36 as it then ex-
isted did not purport to authorize a commissioner appointed
by a foreign State to procure an order of the court requiring
witnesses subpœnaed by him to appear and give evidence.
It was also held that in so far as that section purports to
authorize the circuit court to punish a witness for failure
to obey the subpœna of the commissioner such act was
unconstitutional; that while in that case the procedure at-
tempted was to first secure the order of the circuit court
that such witnesses obey the subpœna, there was no authority
given by section 36 for such procedure.

The amendment of 1919 to section 36 was evidently
framed to provide a remedy not obtainable under that sec-
tion as originally framed.    Under its provisions the circuit
court may, upon the filing of the petition of the commis-
sioner showing a willful refusal or neglect on the part of
the witness to appear and testify, hear such petition, and
if it appears to the court that under the law the witness
should testify, it may, in its discretion, enter an order re-

quiring him to do so, and upon his willful refusal or failure, without lawful excuse, to so appear and give evidence, the court may punish him for contempt as in other cases. It will be seen, therefore, that this case is to be distinguished from the cases arising under section 36 before amendment, the distinction being that under section 36 before amendment the punishment was to be imposed not for the disobedience of an order of the court ordering a witness to testify but for the disobedience of an order of an entirely different tribunal or officer, while under the law as it now exists the punishment is imposed for failure to obey the order of the court hearing the contempt proceedings. The power to punish for contempt is inherent in every court of justice, and necessarily includes all acts tending to impede or obstruct the administration of justice in that court. (*Clark* v. *People,* Breese, 340; *Stuart* v. *People,* 3 Scam. 395; *People* v. *Wilson,* 64 Ill. 195; *People* v. *Seymour,* 272 id. 295; *Schmidt* v. *Cooper, supra.*) A party charged with contempt for failure to obey the order of the court trying the contempt proceeding is not entitled to a jury trial. (*Interstate Commerce Com.* v. *Brimson,* 154 U. S. 447; *People* v. *Kipley,* 171 Ill. 44.) It will be seen, therefore, that if the circuit court had jurisdiction of the subject matter of the petition herein, the punishment imposed for contempt is not in violation of section 9 of article 2 of the constitution, relating to trial by jury.

But it is contended by appellant that this is an attempt to do indirectly that which cannot be done directly, in that it is an attempt to indirectly enforce the subpœna of the commissioner by contempt proceedings. In this counsel are in error. The petition filed by the commissioner in the circuit court brings before that court the question whether or not the witness may be rightfully compelled to attend and give evidence, section 36 providing that the circuit court or judge in vacation shall hear said petition, and may, "in the judicial discretion of such court or such judge, order

the attendance of such witness, the production of books and papers, and the giving of testimony, before any such commissioner." It will be seen that this section provides for an inquiry by the circuit court before the issuance of an order requiring such witness to appear and give testimony before a commissioner. It was evidently the intention of the legislature in giving this discretion to clothe the court with power to refuse to issue such order where for any reason it appears that such witness could not be compelled, under the law, to testify. The petition of the commissioner and the answer of the witness thereto constitute a cause of action in the circuit court. The finding and ruling of that court that such witness shall appear before the commissioner and give testimony, or that he need not do so, are a determination of the issues raised in the cause of action before said court. The rights of such witness are therefore guaranteed and protected on this hearing. When, at the close of such hearing, the court orders the witness to appear and give testimony before the commissioner, the refusal to obey that order is the refusal to obey the order of the circuit court and not the subpœna of the commissioner, and as such the circuit court has power to enforce the order by punishment for contempt. The proceeding is in the nature of an original proceeding in the circuit court, and as such is one in which the legislature has conferred on that court jurisdiction of the subject matter. As the order is entered upon a hearing before a tribunal having jurisdiction of the subject matter and power to enforce its own orders, the proceeding there constitutes due process of law, and the act authorizing such proceedings does not violate the due process clause of the constitution nor section 9 of article 2 thereof, relating to trial by jury.

This court has recently passed upon the power of the circuit court to compel the attendance of witnesses and the giving of their testimony before a commissioner. In *Hill* v. *Jeffery Co.* 292 Ill. 490, it was sought to take the deposi-

tion of the plaintiff in a cause begun in the superior court of Cook county. The deposition of the plaintiff was sought for the reason that he resided more than one hundred miles from the place where the suit was brought. The plaintiff refused to appear before the commissioner and testify and was thereafter adjudged guilty of contempt by the superior court. This court, after reviewing the cases, held that there having been an order of the superior court requiring the appearance of the witness before the commissioner, his refusal to so appear was an unlawful disobedience of the order of the superior court, and that that court had a right to enforce such order by contempt proceedings.

But it is argued that in the instant case the cause in which the commission to take testimony issued is not one pending in the court entering the order fining the appellant for contempt but that such cause is pending in a foreign court,—that is, in the Supreme Court of Ontario, Canada,—and the argument is that while a court may have the power to compel the attendance of witnesses before a commissioner appointed by the court which hears the contempt proceeding, such does not apply to a case where the commissioner is appointed by a foreign court, and that the legislature has no power to authorize the circuit courts of this State to take cognizance of the refusal of a witness to appear in obedience to a subpœna issued by a commissioner appointed by a foreign court or to punish such witness. It was long the practice in cases where the testimony of a witness residing in a foreign jurisdiction was desired, for the court in which the case was pending to issue letters rogatory requesting the aid of the foreign court within whose jurisdiction the witness was to be found to obtain such evidence. In later years, however, there has been developed the practice of authorizing by statute the appointment of a commissioner by a foreign court, whose appointment fills the purpose of letters rogatory. These statutes have been passed and sustained on the principle of

comity between States and nations. It has been generally held that where such a statute exists letters rogatory need not and should not be issued. Such statutes have been generally recognized as binding and valid. *Decauville Auto Co.* v. *Metropolitan Bank,* 108 N. Y. Supp. 1027; 13 Cyc. 919; 4 Jones on Evidence, sec. 700; *Hyde* v. *Scott,* 133 N. Y. Supp. 904; *Kellar* v. *Goodrich Co.* 117 Ind. 556; *Burns* v. *Superior Court,* 140 Cal. 1; *Commonwealth* v. *Smith,* 11 Allen, 243; 1 Greenleaf on Evidence, 367.

The act of the legislature in amending section 36 was an act of the legislative department of this State directing that the circuit courts of the State shall extend judicial comity to the orders of foreign courts pertaining to the taking of depositions. Comity, in a legal sense, is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, and is universally extended to all cases where to do so would not conflict with international duty and convenience or with the rights of persons under the protection of its own laws. Comity rests upon the well settled principles of expediency and convenience. These principles will be recognized and given force in cases where they do not conflict with the local law, inflict injustice on our own citizens or violate the public policy of the State. (*State* v. *Nichols,* 51 Wash. 619; *Hilton* v. *Guyot,* 159 U. S. 113.) The act of the legislature in amending section 36 and giving to a commissioner appointed by a foreign court authority to issue subpoenas and take testimony within this State, and giving to the circuit courts of this State authority to hear and determine whether or not a citizen of this State should appear before such commissioner and give evidence, should, under the principles of comity, be sustained where to do so will not conflict with the rights of citizens of this State or the constitutional limitations placed upon the legislature. As we have seen, neither of the objections raised is applicable to said section.

It is further urged by appellant that he should be required to attend and give testimony before the commissioner only in cases where the testimony is shown to be relevant to the issue in the cause pending in the foreign court. It is a sufficient answer to this contention to say that appellant did not place himself in a position to raise that question. By his refusal to be sworn the hearing before the commissioner did not proceed further and the question of the relevancy of testimony did not there arise.

The circuit court did not err in overruling appellant's demurrers to the petition, and the judgment of that court will be affirmed.                    *Judgment affirmed.*