Eliza Zira
vs.
Employers' Liability Assurance Corporation, Ltd. of London

W. C. A. No. 1038.

July 3, 1930.

HAHN, J. This is a Workmen's Compensation case brought against the insurer of the employer. The petition seeks to have the respondent adjudged in contempt of court for non-compliance with the terms of an agreement entered into by petitioner and respondent and approved by the Commissioner of Labor, under the provisions of General Laws, Chapter 92, Article III, Section 1.

By the terms of said agreement (Petitioner's Exhibit A) the petitioner was to receive compensation at the rate of $8.50 per week from the week beginning January 31, A. D. 1929, and for the duration of total incapacity or until otherwise terminated in accordance with the provisions of the Workmen's Compensation Act.

Respondent has ceased making payments under the agreement and claims the right to do so without seeking an order of the Court for the purpose.

An employee should be notified if it is claimed that the period of total incapacity has ceased, in order that he may come before the Court and be heard in the matter, and it is contrary to the theory of compensation that the employee, without notice of the claim of the employer, should cease to receive the benefits accruing to him which in many cases are necessary for his subsistence, and not being experienced in the law of compensation, as is the case with the employer and the insurance companies generally representing the employer, the first notice which he would receive in a case like the one at bar would be a cessation of payments which would oftentimes work a great hardship and cause much unnecessary delay in the determination of whether payments were properly suspended or discontinued. An employer acting on his own initiative does so at his peril if the question is a proper one for the Court to decide.

*Payne* vs. *Imperial Printing Co.*, 5 R. I. Decisions 102.

*Lonergan* vs. *Dempsey Bleachery & Dye Works*, 3 R. I. *Rescripts* 454.

In order to avoid contempt proceedings it is the duty of the employer or insurer to file a petition to determine whether under the circumstances payments may be discontinued.

*Ryan & La Chappelle* vs. *Capaldo*, 5 R. I. Decisions 102.

Also W. C. A. No. 862.

The evidence in the present case does not show that respondent was warranted in stopping payments but as the prayer of the petition is that the Court should adjudge the respondent in contempt, it is proper that the order of the Court should be entered and contempt proceedings should be based upon a failure to fulfill that order.

*Puterbaugh* vs. *Smith, et al.*, 131 Ill. 199.

Respondent is ordered on or before the 9th day of July, A. D. 1930, to complete the payments due the petitioner, at which time, if such payments have not been made, a petition to declare respondent guilty of contempt based upon this order may be filed.

For petitioner: Roger L. McCarthy, Leroy G. Tilling.

For respondent: Gardner, Moss & Haslam, Wilfred V. Sempler.