THE PEOPLE *ex rel.* Minerva Barnes

*v.*

AXEL CHYTRAUS.

*Opinion filed June 19, 1907.*

1. COSTS—*when a rule of court with reference to suits by poor persons is invalid.* A rule of court requiring a person applying for leave to prosecute as a poor person to make an agreement to pay the costs out of money obtained from the suit or compromise; that his attorney shall also file an agreement to see that the costs are paid out of the first money received from the litigation, and if the attorney has not known the applicant for one year, that an affidavit be made by some reputable citizen to the effect that he believes the appellant to be honest, places upon the applicant substantial burdens not contemplated by the statute and is invalid.

2. SAME—*person need not be a pauper to prosecute as a poor person.* A rule of court with reference to prosecutions by poor persons which makes it necessary that the applicant's attorney and the court shall be satisfied that the applicant is a pauper is too stringent, since persons who are not paupers may have the right to prosecute as poor persons.

3. SAME—*when mandamus lies to compel court to act.* Mandamus will lie to compel a court to grant an application for leave

to prosecute as a poor person notwithstanding the statute gives the court discretion in the matter of such applications, where the court's refusal was not based upon the showing made, but upon the ground that the applicant had not complied with a rule of the court governing such applications and imposing unlawful burdens upon the applicant.

ORIGINAL petition for *mandamus.*

This is a *mandamus* proceeding begun in this court. The petition recites that the relator, Minerva Barnes, is a resident of Cook county, in this State, and that on or about October 4, 1905, she was injured through the negligence of the Chicago City Railway Company, a corporation doing business in that county; that she has meritorious cause of action against that corporation; that she is, and ever since the date of her said injury has been, a poor person and unable to prosecute her suit and pay the costs thereof; that by her attorney, in November, 1906, she applied to that branch of the superior court of Cook county presided over by the respondent, the Hon. Axel Chytraus, one of the judges of that court, for leave to bring a suit as a poor person against said railway company in said court to recover damages for said injury; that in support of that application she presented to respondent her affidavit, from which it appeared that she was a poor person and unable to prosecute her said suit and pay the costs and expenses thereof; that she had a meritorious cause of action against said railway company; and that in support of said application she also presented the affidavit of her attorney, which was of the same general tenor as her own affidavit. She also presented with said application a copy of the declaration which she proposed to file in the said suit, copies of which affidavits and declaration are annexed to the petition herein as exhibits; that thereupon the respondent handed to petitioner's attorney a copy of a rule of said court, and stated that if relator wished to bring her suit in said court

without paying the costs she must comply with the terms of that rule, which rule was in the words following, to-wit:

"When an attorney has a pauper for a client, for whom he brings suit in this court as such, the attorney shall, before bringing such suit, by personal investigation, satisfy himself that such person actually is a pauper, unable to procure the money with which to pay the costs of bringing the suit, and further, that such person has a meritorious cause of action. All applications for leave to sue *in forma pauperis* shall be made by a petition subscribed and sworn to by the applicant, and such petition shall contain a detailed statement of the cause or grounds for the action. It shall show the address, trade (if any) and occupation, income and means of subsistence, of the applicant, then and during the year past, and that such person has no money or property of any kind, and no means from which to raise money, for such costs. Such person shall appear personally in court unless physically incapacitated, in which event the petition shall state how incapacitated and where the applicant is. At the foot of such petition there shall be added an agreement that such person will pay all costs due to the clerk of this court out of any money obtained through the suit or compromise. The petition shall also be accompanied by an affidavit of the attorney for such pauper, stating the length of time he has been personally acquainted with said pauper; that he has personally investigated by inquiring of such pauper, unless prevented by physical incapacity of the pauper, and otherwise as well, and from such investigation he believes the facts stated in the petition to be true; that he believes the applicant has a meritorious cause of action and has sufficient evidence to make recovery or the obtaining of a decree reasonably certain, and that neither the attorney nor his firm, if he is a member of one, has received any money or other compensation in connection with the cause of action, for the bringing of the suit or to prosecute the same. In the event the suit is for a minor, it shall also

be stated that there is no one capable of doing so legally obliged to pay for the necessaries of such minor. There shall also be added an agreement by such attorney and his firm, if any, that as an officer of the court he undertakes to see, and agrees, that the costs of the court shall be paid out of the first money recovered through the litigation or obtained by any compromise made, and if the cause is a divorce suit, also that he will prosecute proceedings for the recovery of the costs from the defendant, if the defendant has employment or means of any kind wherefrom costs might be recovered. Unless the attorney has known the pauper for one year or more, the application shall also be accompanied by an affidavit of a reputable citizen of some standing (known to and represented as such to the court by the attorney) that he has known the pauper applicant for one year, and knows from personal investigation that the applicant is a pauper, who has no money or property of any kind and no means wherewith to pay the costs of suit, and also that he believes such person to be honest and that the costs will be paid out of any money recovered by suit or obtained by compromise. Every application to sue *in forma pauperis* shall first be presented to the chief deputy clerk, or, in his absence, to the one acting as such, who shall ascertain that this rule is complied with, and mark the application 'O. K.' with his initials, and thereafter the same shall be presented to the motion judge, who shall act upon all such applications. The court regards it as the duty to the court of every attorney in anywise connected with a pauper suit for either side, as an officer of the court, to see that the court's costs are paid out of any money obtained thereby. No suit will be dismissed or decree entered, nor other final disposition made of any cause where anything has been obtained by the litigation or by a compromise, until the costs of the court are paid. The clerk shall once a year report to the judges the number of pauper suits instituted during the preceding three years wherein costs

remain unpaid, together with the names of the attorneys therein."

—that thereafter, on or about January 8, 1907, the petitioner again applied to said court so presided over by the respondent for an order permitting her to bring her suit in the manner aforesaid, and the second time presented to respondent the said affidavit and declaration, and offered to submit herself for examination, under oath, with respect to her right to prosecute her said suit as a poor person, but that respondent refused to consider said affidavits or declaration or to interrogate relator, for the reason that there had not been a compliance with the rule of the court above set out, and that respondent from that time has failed and refused, and still fails and refuses, to proceed in said suit in any manner.

The petition prays a writ of *mandamus* commanding respondent to hear the application of the relator for leave to prosecute her suit as a poor person, and if it shall be made to appear by competent evidence that relator is a poor person and unable to prosecute her suit and to pay the costs and expenses thereof, to grant petitioner such leave without imposing upon relator any other conditions than those imposed by the statute. To this petition respondent has filed in this court a demurrer which is both general and special in its character, and the principal question discussed in the briefs of counsel is as to the validity of the rule of the superior court on this subject.

MARY E. MILLER, and ANTOINETTE FUNK, for relator.

MORRISON & BROWN, (ELWOOD G. GODMAN, of counsel,) for respondent.

Mr. JUSTICE SCOTT delivered the opinion of the court:

By section 5 of chapter 33, Hurd's Revised Statutes of 1905, it is provided: "If any court shall, before or after the commencement of any suit, be satisfied that the plaintiff is

·a poor person, and unable to prosecute his suit and pay the costs and expenses thereof, the court may, in its discretion, permit him to commence and prosecute his action, as a poor person; and thereupon such person shall have all the necessary writs, process and proceedings, as in other cases, without fees or charge. The court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without any fees, charge or reward. If judgment be entered for the plaintiff, there shall be judgment for his costs, which costs shall be collected for the use of the said officers."

The provision of the statute authorizing the superior court to make rules of practice for that court is found in section 69 of chapter 37, Hurd's Revised Statutes of 1905, and is in these words: "The said courts may, from time to time, make all such rules for the orderly disposition of business before them as may be deemed expedient, consistent with law."

An examination of sections 4, 5 and 6 of chapter 33, *supra,* is necessary to ascertain the legislative intent in reference to requiring security for· costs from parties plaintiff or complainant and in reference to allowing such parties to prosecute as poor persons. Upon consideration of these sections it at once appears that the rule of the superior court set out in the foregoing statement is not consistent with the law. The provision of the rule requiring that the person applying for leave shall enter into a written agreement that such person will pay· all costs due to the clerk of the court out of money obtained through the suit or a compromise thereof; the provision requiring that the party asking the leave shall also file an agreement of his attorney that as an officer of the court he undertakes to see, and agrees, that the costs of the court shall be paid out of the first money recovered through litigation or obtained by any compromise; and the provision that if the applicant has not been known to his attorney for at least one year the ap-

plication must be accompanied by an affidavit "of a reputable citizen of some standing," to the effect that he believes such person "to be honest," place upon the person seeking leave substantial burdens, in reference to matters other than those of procedure, not contemplated by and inconsistent with the statute. In no event can the court legally require that the application for leave to sue as a poor person should be accompanied by the agreements and the affidavit which are required by the rule and which have been hereinabove in this opinion particularly referred to. We are also of the opinion that it is unnecessary that either the applicant's attorney or the court should be satisfied that the applicant is a pauper. Many persons who are not paupers may rightfully be permitted by the courts to commence and prosecute actions as poor persons. There are other meritorious objections to this rule, but we deem it unnecessary to discuss them. The rule is not subordinate to the statute, and is therefore invalid. *Rozier* v. *Williams*, 92 Ill. 187.

It is said, however, that the section of the statute relied upon by petitioner gave to respondent discretion in determining whether to grant or refuse the leave asked, and that for this reason *mandamus* will not lie to direct the court to act in a particular way. This contention disregards the legal effect of the petition. The only logical conclusion that can be deduced from that pleading is, we think, that the respondent refused to act for the reason that no attempt had been made to comply with the rule, although the documents presented were of such character that petitioner was entitled to invoke the judgment of the court. It is not unlike a case where *mandamus* is brought against a judge of a *nisi prius* court to compel him to sign a bill of exceptions. *Mandamus* will there lie to require him to act but not to command him to act in any particular way. That is, he will not be directed how to decide the question pending before him but will be directed to determine it in some manner consistent with the law. (*People* v. *Chytraus*, 183 Ill.

190, and cases there cited.) The language just used is not to be regarded as an intimation that the court's discretion, when exercised, is not reviewable.

The writ of *mandamus* will be awarded in accordance with the prayer of the petition.     *Writ awarded.*