(No. 30044.—

THE PEOPLE *ex rel.* Benjamin Prince, Relator, *vs.* JOSEPH A. GRABER, Judge, Respondent.

*Opinion filed September 18, 1947.*

JAFFE & GREEN, (JACOB H. JAFFE, and DAVID H. KRAFT, of counsel,) all of Chicago, for relator.

FULMER LONG, WALTER M. NOLD, and JAMES H. BOLAND, all of Chicago, for respondent.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is an original petition for a writ of *mandamus* to compel respondent, one of the judges of the superior court of Cook county, to expunge from the records of that court certain orders entered by him in a suit pending in said court.

The relator, a resident of the State of Massachusetts, brought an action at law in the superior court of Cook county, cause No. 45S20893, against the Railway Express Company to recover damages alleged to have been incurred

through the negligence of the express company while transporting certain dairy cattle belonging to relator. After the cause was at issue attorneys for the express company filed a motion for an order requiring the relator to appear before a notary public in Chicago, and submit to examination for the purpose of discovery, under section 58(2) of the Civil Practice Act and Rule 19 of this court. From the affidavit attached to the motion, as well as from the objections filed by relator, it appears that relator did not reside in this State, and that he was an actual resident of the State of Massachusetts. Relator's objections, on the gounds of his nonresidence, were overruled, and on November 25, 1946, the court entered an order granting the motion and fixing a time and place, in Chicago, for the taking of relator's deposition on oral interrogatories. Relator did not appear. On motion, and over objection of relator, the court entered an order on December 18, 1946, staying further proceedings in the cause then pending, for a period extending 30 days beyond the date of the taking of relator's deposition for the purpose of discovery. The effect of this order was to stay the proceedings indefinitely unless relator submitted to the taking of his pretrial deposition in the city of Chicago.

Relator contends that the superior court had no power or authority to compel him, a nonresident party, to appear in Chicago for the purpose of submitting to oral examination for the purpose of discovery. He further contends that his deposition must be taken in the same manner as that provided for taking the deposition of any other witness. Respondent takes the position that, since relator has instituted his suit in this State, he must submit to the rules of procedure and the exercise of jurisdiction over his person by the court of his chosen forum.

The right of relator, a nonresident, to pursue his remedy in this State is not disputed, and that such right exists

in a nonresident has been previously decided by this court. (*Wintersteen* v. *National Cooperage and Woodenware Co.* 361 Ill. 95.) That the court had jurisdiction of the person of relator and power to hear and determine the subject matter in controversy between the parties is admitted without question. The only question presented is whether or not the court had the power to enter and enforce the orders compelling relator to submit to oral examination in this State, by way of a pretrial deposition.

The proceeding pending before the court was an action at law. Courts of law had no power at common law to compel a witness to give his deposition, and such power exists now only by virtue of the statutes providing for exercise of such authority. (*Hill* v. *Jeffery Co.* 292 Ill. 490; *People* v. *Turner,* 265 Ill. 594.) The power of the court to compel parties to give a deposition, as applied to the facts in this case, finds its inception in section 58(2) of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 182(2).) It is there provided that the deposition of any other party or of any person may be taken at such time and under such terms and conditions as may be prescribed by rules. The applicable rule is Rule 19(1) of this court, (Ill. Rev. Stat. 1945, chap. 110, par. 259.19,) which provides that any party to a civil action may cause to be taken, on oral or written interrogatories, by deposition before trial, in the manner provided by law for taking depositions in chancery cases, the testimony of any other party or of any other person which is relevant to the prosecution or defense of the action. The manner provided for taking depositions in chancery cases is found in the Evidence and Depositions Act. (Ill. Rev. Stat. 1945, chap. 51, pars. 24, 26, 28.) Section 24 of that act provides for the taking of depositions of witnesses residing or being within the State, upon the giving of the required notice to the adverse party, or his attorney, of the time

and place of the taking of such deposition. No application for an order of court is required to set this procedure in motion. (*Schmidt* v. *Cooper,* 274 Ill. 243.) Section 26 of the act provides for the suing out of a *dedimus potestatum* or commission, from the proper clerk's office, under seal of the court, after giving the required notice, to take the deposition of a nonresident witness, before one of the designated officers, upon written interrogatories. Section 28 provides for the taking of the deposition of a nonresident witness, upon oral interrogatories, in the same manner as provided in section 26 of the act. It will be noticed that the applicable sections of the Evidence and Depositions Act provides the method for taking depositions of "witnesses," while section 58 of the Civil Practice Act, and Rule 19 of this court, provide for the taking of depositions of "any other party or of any other person" in the same manner. At no place in the procedure provided for the taking of pretrial depositions is there anything to distinguish a party litigant, whose deposition is desired to be taken, from any other witness whose deposition is required. It necessarily follows that the manner of the taking of a pretrial deposition of a nonresident party to the cause is the same as that provided for the taking of the deposition of a nonresident witness.

Attorneys for the Railway Express Company did not follow the procedure provided by the statute and rules of this court in seeking to obtain relator's deposition. Instead, a motion, supported by an affidavit, was presented to the trial court requesting an order of court directing relator, the other party to the cause, a nonresident, to appear in Chicago for the purpose of taking his pretrial deposition. In response to the motion, and over objection of relator's attorneys, an order was entered fixing a time and place for the taking of relator's deposition before a notary public in the city of Chicago. As pointed out earlier in this

opinion, courts of law have no inherent power to compel a witness to give his deposition. Such power is derived from the statute which provides the manner in which such power shall be exercised. The superior court was without power to change the statute and the entry of an order not contemplated by the statute was invalid. (*Kinsley* v. *Kinsley,* 388 Ill. 194; *Universal Credit Co.* v. *Antonsen,* 374 Ill. 194; *People ex rel. Barnes* v. *Chytraus,* 228 Ill. 194.) The order of November 25, 1946, was contrary to and inconsistent with the procedure provided by statute for the taking of relator's deposition, where he was a resident of a foreign State, and for that reason is invalid and void, and should be expunged from the records of the superior court.

It is true, as contended by respondent, that relator had submitted his person to the jurisdiction of the superior court, but such jurisdiction is for the purpose of determining the rights of the parties in the lawsuit and the entry of a proper judgment therein. By submitting his person to the jurisdiction of the court for the purpose of prosecuting his lawsuit, relator was not necessarily physically before the court, nor did he place himself in such position that the court could require such physical presence either before it or before any other officer in Illinois. As plaintiff in the case, relator had the right to appear and give his testimony at the trial, and to cross-examine any witness who might testify against him, but we know of no rule or statute, and none has been called to our attention, which requires the plaintiff to personally appear before the court in order to prosecute his suit. We have held a rule of court which required the plaintiff to personally appear in open court in a divorce proceeding to be invalid in the absence of a statute making such requirement. (*Kinsley* v. *Kinsley,* 388 Ill. 194.) In an effort to compel relator to appear personally before a notary public in Chi-

cago, the court entered the order of December 16, 1946, restraining relator from proceeding further with his suit until 30 days after he had given his pretrial deposition in this State as directed. In the case of *Universal Credit Co. v. Antonsen,* 374 Ill. 194, we held, in an action of replevin, that a defendant could not be proceeded against for contempt where he failed to turn over the property replevied, the appropriate remedy in such case being a money judgment, as provided by the statute. We there said that jurisdiction of the person was not for the purpose of forcing the defendant to do anything even though the court had jurisdiction to enter a personal judgment against him. The reasoning in that case applies equally well here. Jurisdiction of the person of relator was not for the purpose of forcing him to do anything, and the attempt to force him to give his pretrial deposition before a notary public in Chicago, by an erroneous order which was beyond the power of the court to enter, exceeded the jurisdiction of the court. Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. (*Thayer* v. *Village of Downers Grove,* 369 Ill. 334.) The order of November 25, 1946, being invalid, the order of December 16, 1946, entered pursuant to, and in an attempt to enforce the former order, is likewise invalid.

The writ of *mandamus* is, therefore, awarded, commanding the respondent, as judge of the superior court of Cook county, to expunge from the records of that court, in cause No. 45S20893, the void orders of November 25, 1946, and of December 18, 1946.

*Writ awarded.*