THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* HERBERT A. SCHIEN *et al.*, Defendants-Appellees.

Fourth District   No. 13587

Opinion filed June 27, 1977.—Rehearing denied August 2, 1977.

74

William J. Scott, Attorney General, of Springfield (Robert F. Scott, Raymond L. Terrell, and Roy E. Frazier, Jr., Assistant Attorneys General, of counsel), for appellant.

Carol O. Hoffee and Barry O. Hines, both of Barber and Barber, of Springfield, for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

■■ This appeal involves an unusual combination of procedural questions. On December 31, 1964, and June 3, 1965, petitioner filed for "quick take" condemnation (Ill. Rev. Stat. 1963, ch. 47, pars. 2.1 through 2.10) of separate tracts owned by defendants Herbert A. and Verna Frances Schien. After preliminary just compensation had been determined and paid as to each tract, an additional sum equal to 25% of those amounts deposited with the county treasurer, an order for immediate vesting of title as to each tract entered and became final (Ill. Rev. Stat. 1963, ch. 47, par. 2.2(b)) and the cases consolidated, the trial court dismissed the cases for want of prosecution. More than 2 years later, petitioner's motion for reinstatement was denied, as was a subsequent motion to reconsider the denial. The petitioner later moved to vacate and expunge the order of dismissal and the order denying reinstatement. In ruling on this motion, the trial court not only denied the motion but also ordered that the amounts fixed as preliminary just compensation were the amounts of permanent just compensation and further directed that the 25% deposit be paid to petitioner. Petitioner appeals from that order and defendants Schien cross appeal from the portion of the order fixing permanent just compensation and ordering refund of the 25% deposit to petitioner. Since neither side has cited as error the entering of that portion of the order, any such error is waived by both sides (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)). We find no reversible error to have occurred in the denial of the motion to expunge and vacate. Accordingly, we affirm.

Petitioner contends that the order of dismissal was beyond the jurisdiction of the court to enter and, therefore, is void. In the alternative, it maintains that the order was not a final order, was erroneous and can and should be set aside at any time. Defendants maintain that the court had full power to enter the order of dismissal, that it was a final order and that the unappealed orders denying the motion to reinstate and the motion to reconsider are res judicata upon the question of the court's power to enter the dismissal order and the finality of that order.

The dismissal order was entered because of a local court rule providing that all suits begun before 1966 be disposed of before December 31, 1969, or be stricken. Petitioner's claim that the order was void is based upon its contention that the dismissal after "quick take" but before final determination of just compensation violated substantial rights of the parties granted by the legislation providing for the "quick take" condemnation and that, accordingly, the court rule, as applied to this case, was void, depriving the court of jurisdiction to enter the order. Petitioner cites various cases in support of its position. Only three of those cases concern collateral attacks on orders based on the theory that the court lacked jurisdiction to enter the order. *Green v. Walsh* (1955), 5 Ill. App. 2d 535, 126 N.E.2d 398, concerned jurisdiction of the person which is not in issue here. In *People ex rel. Ruel v. Weaver* (1928), 330 Ill. 643, 162 N.E. 205, the court affirmed an order to expunge an order which purported to vacate an order which had become final. In *People ex rel. Prince v. Graber* (1947), 397 Ill. 522, 74 N.E.2d 865, the supreme court directed a writ of mandamus to issue ordering that a trial court order requiring a nonresident party to submit to a deposition be expunged. The supreme court noted that the trial court had no inherent power to compel the giving of the deposition and found no such authority in any statute or rule. We do not find these cases to be dispositive.

■■ The power of the Circuit Court of Sangamon County to dismiss this case was not dependent upon any grant by statute or rule. Since January 1, 1964, the Illinois Constitution has continuously provided, subject to exceptions not material here, that circuit courts have "original jurisdiction of all justiciable matters." (Ill. Const. 1870, art. VI (1964), §9; Ill. Const. 1970, art VI, §9.) The courts power to hear the case arose from this constitutional grant (see *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456). The power to enter an order of dismissal for want of prosecution in a civil case is inherent in all trial courts. (*Bender v. Schallerer* (1973), 9 Ill. App. 3d 951, 293 N.E.2d 411; *Link v. Wabash Ry. Co.* (1962), 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386.) We recognize the problems created by a dismissal of a "quick take" condemnation case after determination of preliminary just compensation and vesting of title but before determination of just compensation. The petitioner has

obtained the fruits of the litigation but the landowners have not yet obtained the permanent compensation to which they are entitled. In retrospect, it is obvious that the interests of justice and the expedition of cases would have been better served by setting the case for trial. Error in the rendition of an order does not make it void. (*Miller v. Rowan* (1911), 251 Ill. 344, 96 N.E. 285.) Any error in the rendition of the order of dismissal, whether of procedure or substance did not make it void.

■■ Much of defendants' argument that the dismissed order was final is based upon their theory that the denial of the petition to reconsider the motion for reinstatement is res judicata on that point. However, the motion to reinstate could have been denied on the basis that although the dismissed order was not final, petitioner was not in fairness entitled to have the case reinstated. Accordingly, in order to determine whether the order of dismissal was final, we must examine that order. The parties do not dispute that ordinarily an order dismissing a case for want of prosecution is final. (*Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 232 N.E.2d 160.) The essence of finality, however, is that the order dispose of the litigation (*Peach v. Peach* (1966), 73 Ill. App. 2d 72, 218 N.E.2d 504). If only an incidental accounting between the parties remains, the order may be final (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 258). If a temporary injunction is left pending, the dismissal order dissolves the injunction. (*Gray v. Ames* (1906), 220 Ill. 251, 77 N.E. 219; see Annot., 11 A.L.R.2d 1407, 1416 (1950).) Here, the dismissal order left the defendants in possession of temporary just compensation and the county treasurer in possession of a sum equal to 25% of that compensation. Determination of the disposition of these items was not incidental to disposition of the case but involved the merits of the case. We rule that the dismissal order was not final.

Since the dismissed order was not final, the trial court continued to have jurisdiction of the case. Since the order on appeal determines permanent just compensation and orders distribution of the sums held by the treasurer, that order is final and appealable. Neither side cited as error the determination of permanent compensation. If the compensation was fairly determined, petitioner was not prejudiced by the court's refusal to expunge other orders. The order from which appeal is taken is affirmed.

Affirmed.

REARDON and KASSERMAN, JJ., concur.