CITY OF EVANSVILLE et al., Appellant (Defendant Below),

v.

Vetris C. MILLER et al., Appellee (Plaintiff Below).

No. 1–779A200.

Court of Appeals of Indiana, First District.

Nov. 17, 1980.

Rehearing Denied Jan. 6, 1981.

John C. Cox, Barbara Baker Williams and Timothy R. Dodd, Evansville, for appellant.

Harry P. Dees, Alan N. Shovers, Larry R. Downs and Patrick A. Shoulders, Evansville, for appellee; Kahn, Dees, Donovan & Kahn, Evansville, of counsel.

ROBERTSON, Presiding Judge.

This case arose in 1969, when the City of Evansville (City) amended its municipal code to limit city refuse collection to dwelling houses and apartment complexes containing four or less units. Prior to this change, the City collected refuse from all dwelling and apartment houses as a city service. The apartment owners initiated a class action alleging that the ordinance violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Article 1, Section 23 of the Indiana Constitution.

The Warrick County Circuit court entered a summary judgment for the City. On appeal to the Indiana Supreme Court, this decision was reversed. *State ex rel. Miller v. McDonald*, (1973) 260 Ind. 565, 297 N.E.2d 826, cert. denied 414 U.S. 1158, 94 S.Ct. 917, 39 L.Ed.2d 111. Justice Hunter determined that the ordinance,

> *transparently* distinguishes between commercial and noncommercial enterprises. Such a classification is arbitrary and devoid of any apparent rationality. The ordinance applies a double standard to those who, in reality, are in the same class without any reasonable justification.

Therefore, the commercial–noncommercial distinction, as delineated by the ordinance, denies similarly situated persons equal protection of the law.

260 Ind. at 570, 297 N.E.2d at 830. (Original emphasis).

Upon remand, the Warrick Circuit Court entered a *Nunc Pro Tunc* judgment on September 7, 1973, which in essence determined that the defendants were liable to the plaintiff class for damages accruing from and after March 17, 1969, and until the discriminatory practices were terminated. The order also declared that it was a final judgment as to the issue of liability, but that the court would retain jurisdiction to assess the amount of damages and attorneys' fees.

The City's motion to correct errors was timely filed and overruled on January 31, 1974. City's praecipe for appeal, however, was not timely filed. The last day for filing was Saturday, March 2, 1974, which gave the City until Monday, March 4, 1974 to file the praecipe. Indiana Rules of Procedure, Trial Rule 6(A). The record reveals that the praecipe was postmarked March 5, 1974, and filemarked on March 6, 1974.

On June 24, 1974, notice was ordered issued so that potential class members could file damage claims based upon the expenses they incurred in procuring refuse collection services. Evidence was taken for the next four and one–half years and presented before a Master. The Master presented his report on December 8, 1979, and the trial court entered its judgment awarding damages on January 31, 1979. The apartment owners were awarded $237,765.42 for the 62 month period when the City refused to collect their refuse. In addition, prejudgment interest was awarded at the statutory rate of eight per cent per annum (8%) from September 7, 1973, until paid, in order to make the claimants whole. The attorneys for the plaintiffs were awarded fees from the judgment fund of $117,314.26.

On appeal, the City argues:

1. When the legislative branch of a city adopts an ordinance precluding from City refuse service commercial units containing more than four units and the ordinance is later declared unconstitutional by the Indiana Supreme Court, is the city liable in damages to the owners of the commercial units for additional business expenses incurred for private refuse collection after the ordinance was adopted?

2. Is the city liable for additional business expenses incurred by apartments [sic] owners for the period of time beginning one month after adoption of the ordinance and ending four months after the Indiana Supreme Court declared the ordinance unconstitutional when the ordinance carries a presumption of constitutionality after its adoption until it is declared unconstitutional?

3. Is the City liable in damages for the lawful exercise of police power granted by the State of Indiana?

4. Are the damages excessive and violative of the "no–interest" provision of the Indiana Tort Claims Act IC 34–4–16.5–17?

■ We decline to address issues one, two or three, as they are directed to the City's liability for damages. The liability question was conclusively determined by the trial court in its *nunc pro tunc* order of September 7, 1973. The City's praecipe, which would have allowed an appeal on the question of liability, was not timely filed. Consequently, these issues present nothing for our review.

Indiana Rules of Procedure, Appellate Rule 2(A) states in part that the praecipe shall be filed within thirty (30) days after the court's ruling on the motion to correct errors or the right to appeal will be forfeited. The reason for this rigid requirement was succinctly set forth by our supreme court in *Sears, Roebuck and Co. v. Hutchens*, (1973) 260 Ind. 561, 297 N.E.2d 807. The court noted that the rule was adopted to eliminate the flagrant abuse of the previous rule, and was designed to be in harmony with the goal of speedy justice and the expediting of appeals.

■ Further, Indiana Rules of Procedure, Appellate Rule 4(A) declares that a ruling on a motion to correct errors shall be a final judgment from which an appeal may be taken. Therefore, although the trial court in its *nunc pro tunc* order reserved until a later date, a ruling on damages, its determination of liability became a final and appealable order, when the City's motion to correct errors was denied. [1]

The City, by failing to timely file its praecipe, forfeited any right to appeal the question of liability, and we cannot allow that issue to be re–determined at this time.

The only issue to be determined on appeal, then, is whether the damages are excessive and violative of the "no–interest" provision of the Indiana Tort Claims Act, Ind.Code 34–4–16.5–17.

■ Indiana Rules of Procedure, Trial Rule 59(D)(2) requires that claimed errors shall be stated in specific rather than general terms, and shall be accompanied by a statement of facts and grounds upon which the errors are based. We have long maintained that errors not alleged in the motion to correct errors are waived for appeal purposes. *Indiana Motorcycle Ass'n v. Hudson,* (1980) Ind.App., 399 N.E.2d 775; *City of Ft. Wayne v. Bentley,* (1979) Ind.App., 390 N.E.2d 1096. Additionally, errors must be specifically raised in the motion to correct errors, or they are waived. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629;

*Macken v. City of Evansville,* (1977) Ind. App., 362 N.E.2d 202.

■ Nowhere in City's motion to correct errors or in its statement of facts and grounds in support of that motion is any mention made of the "no–interest" provision of the Indiana Tort Claims Act. City cannot raise this issue for the first time on appeal and claim that because of the no interest provision the damages awarded were excessive. Consequently, the City has waived any error.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

1. We do not believe the requirements of Indiana Rules of Procedure, Trial Rule 54(B) preclude this result. T.R. 54(B) deals with multiple claims or multiple parties. Although this was a class action, there was in essence only one issue, that being the liability of the City. Once this issue was determined, the question of liability was appealable notwithstanding the Masters future determination of damages. City cannot complain that they proceeded under the assumption that the judgment would not be final until the damages were determined, because they filed their motion to correct errors when the liability question was resolved against them. We express no opinion as to what result would be reached had City not filed their motion to correct errors after the question of liability was determined but rather waited until the damages were assessed and then appealed the whole decision.

Case law is in conflict as to the finality of a decree when there is a provision for future accounting. *See* Annot. 3 ALR 2d 342. We opine that the resolution of the conflict depends upon whether the order effectively disposes of the litigation. That is the essence of finality. *Dept. of Transportation v. Schien,* (1977) 50 Ill.App.3d 73, 8 Ill.Dec. 464, 365 N.E.2d 702; *Pitts v. Wooldridge,* (1974) 161 Ind.App. 404, 315 N.E.2d 736, wherein this court in citing *Richards v. Crown Point Community School Corp.,* (1971) 256 Ind. 347, 269 N.E.2d 5, declared that "it is the *putting to rest* of an issue that renders it appealable as a final order. [Original emphasis.]; *but see Schenkel v. Citizens State Bank,* (1961) 140 Ind.App. 558, 224 N.E.2d 319, wherein a default judgment not including the amount of damages was not a final and appealable order.