## STATE of Indiana, ex rel. INDIANA–KENTUCKY ELECTRIC CORPORATION, Relator,

v.

## KNOX CIRCUIT COURT, and Addison M. Beavers, as Special Judge of the Knox Circuit Court, Respondents.

### No. 1280S437.

Supreme Court of Indiana.

July 14, 1981.

Rabb Emison, Robert P. Doolittle, Jr. (Emison, Emison, Doolittle & Kolb), Vincennes, Karl J. Stipher, Lewis D. Beckwith, Ralph F. Hall (Baker & Daniels), Indianapolis, for relator.

L. Edward Cummings (Kimmell, Funk & Cummings), Vincennes, for respondents.

## ORIGINAL ACTION

GIVAN, Chief Justice.

On December 2, 1980, this Court denied relator's petition for permanent writ of mandate and writ of prohibition. This opinion ratifies the denial of the writ.

The facts giving rise to this petition involve a suit, filed in 1975, based on alleged violations of an earlier settlement agreement between Indiana-Kentucky Electric Corporation (IKEC) and Robert E. Green and Green Construction of Indiana, Inc. Pursuant to Trial Rule 42(B), the parties agreed to a bifurcated trial on the issues of liability and damages. Judge Ernest Tilly, Jr., presided over the first trial and determined the issue of liability against Green. Sometime later, Judge Tilly heard evidence on the issue of damages. However, before

entering judgment on the damages, Judge Tilly died. In accordance with Trial Rule 63(A), Judge Murphey C. Land was appointed successor judge. Green moved for a jury trial, for a new trial on damages, as well as liability. The motion for jury trial was denied. The parties agreed a new trial for damages was appropriate. Upon his own motion, Judge Land ordered a new trial on the issue of liability over IKEC's objection. Upon IKEC's motion for a change of judge, Judge Addison M. Beavers was selected. Judge Beavers denied IKEC's motion to reconsider and correct the alleged error in ordering a new trial on the issue of liability.

IKEC then petitioned this Court for the writ of mandate and writ of prohibition now in question.

■ The question before this Court is whether Trial Rule 63(A) authorizes or empowers the successor judge to order a new trial of the issue decided in the first trial of a bifurcated proceeding after the original judge had entered findings of fact and conclusions of law. We conclude Trial Rule 63(A) does so authorize.

Trial Rule 63(A) reads:

"(A) Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part."

Thus, a successor judge, sitting for an unavailable judge, may perform duties usually required after a verdict is returned or findings or decision of the court made at his discretion.

IKEC argues that the decision reached at the conclusion of the first trial on the issue of liability is a binding, final decision to be the "law of the case" in all proceedings thereafter held. The doctrine of law of the case is most frequently a policy statement expressing that a Judge should not in the same case overrule or reconsider the decision of another judge of coordinate jurisdiction. *Blance v. Alley,* (1979) Me., 404 A.2d 587. At p. 589, the court in *Blance* stated:

"As Mr. Justice Holmes stated for the United States Supreme Court, the phrase 'law of the case' merely expresses 'the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)."

■ T.R. 63(A) authorizes and empowers a successor judge to grant a new trial "if he is satisfied that he cannot perform those duties [to be performed by the court after the verdict is returned or the findings or decision of the court is filed] because he did not preside at the trial or for any other reason." Therefore, T.R. 63(A) becomes an exception to the doctrine of "law of the case."

IKEC further argues T.R. 63(A) does not give the successor judge jurisdiction to order a new trial on the issue decided at the first trial. Relator cites *State, ex rel. Harp v. Vanderburgh Circuit Court,* (1949) 227 Ind. 353, 85 N.E.2d 254 for the proposition that the making of findings is analogous to a judgment and a successor judge has no jurisdiction or discretion to alter those findings or to order a new trial. In that case, this Court stated at 85 N.E.2d 258:

"To permit a succeeding judge to vacate and annul a findings made by the trial judge would be a judicial act not contemplated either by the authorities of this state or by Rule 1–9, for it would permit him, in effect to grant a new trial..."

Relator states that Rule 1–9 is now 63(A). However, Rule 1–9 simply states, "The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court." Trial Rule 63(A) obviously is more detailed in its direction to the trial judge. The old rule did not emcompass the power or authority of a successor judge sitting for the judge who was unavailable due to death, sickness, absence or unwillingness to act as the current T.R. 63(A) provides. Just as a successor judge is authorized to prepare findings from a record created before the initial judge, he is also empowered to grant, in whole or in part, a new trial. *Ruby v. State*, (1975) 166 Ind.App. 310, 335 N.E.2d 635.

In *State, ex rel. Harp, supra*, the court did not have before it the situation presented in the case at bar. In *Harp*, the trial judge had made his findings and had notified the parties of the same; however, they had not yet been spread of record on the court's order book when the judge became unavailable. Judge Emmert, speaking for the court in a comprehensive, well-reasoned opinion, found that the successor judge in such a case could not alter the findings of the regular judge which had been made merely because they had not yet been placed on the order book. He pointed out that the order book entry at that stage was a ministerial act the clerk was bound to perform in view of the actions taken by the trial judge. In the case at bar, we have a situation where the case, although bifurcated, is still entirely *in fieri*, and under Trial Rule 63(A) becomes the total responsibility of the successor judge.

Relator argues that Green cannot challenge Judge Tilly's findings through Trial Rule 63(A). They contend that Green's only means of challenging the finding as to liability is through proper appellate process. He reasons that because Green failed to file a motion to correct errors on the issue of liability, Judge Tilly's findings cannot be disturbed.

Relator cites *Richards v. Crown Point Community School Corporation*, (1971) 256 Ind. 347, 269 N.E.2d 5 and *City of Evansville v. Miller*, (1980) Ind.App., 412 N.E.2d 281 to support his proposition. In *Richards, supra*, Richards had filed suit to determine, *inter alia*, title in property properly appropriated from him for use by Crown Point Community School Corporation. When the school corporation determined that the use of the property for school purposes had expired, the corporation sold the property to Schmal. After the trial court granted the corporation's motion for summary judgment holding ownership in the corporation, Richards brought a direct appeal to this Court without filing a motion to correct errors in the trial court. Finding that the trial court had made a final determination of the issue of ownership, this Court held that an appeal under interlocutory procedure was improper. In dismissing the appeal, this Court held "it is a *putting to rest* of an issue that renders it appealable as a final order". (original emphasis) Therefore, the proper procedure was to file a motion to correct errors. Having failed to do so precluded appellate review.

In *City of Evansville, supra*, the trial court entered summary judgment for the City. On appeal, this Court reversed and remanded to the trial court. The trial court entered a *Nunc Pro Tunc* judgment holding the City liable to the plaintiff class. The order further stated it was a final judgment as to the issue of liability. However, the order stated the court would retain jurisdiction to assess damages and attorney fees. Although a motion to correct errors, which was overruled, was timely filed, the City failed to file for praecipe within the time limitations of Indiana Rules of Procedure, Trial Rule 6(A). The Indiana Court of Appeals held the City, by its failure to timely file its praecipe, forfeited any right to appeal the question of liability.

These cases are of no aid to relator. That Richards did not file a motion to correct errors or that the City of Evansville failed

to file a praecipe within time are propositions inapposite to the question before us. We perceive a marked distinction between the situation where an appellant is foreclosed from seeking a new trial due to his failure to follow proper appellate procedure and in the case at bar, a situation where a successor judge, by his own discretionary act, orders a new trial or hearing pursuant to Trial Rule 63(A).

We, therefore, hold that both successor judges were acting within their discretion, authorized by Trial Rule 63(A), when ordering a new trial.

The denial of the writ on December 2, 1980, is hereby ratified.

All Justices concur.