FARMERS AND MERCHANTS' INSURANCE CO.

*v.*

LEWIS SMITH.

1. INSURANCE—*giving note for instalments of premium—whether the assured a stockholder.* Where an insurance company was authorized to insure either upon the customary mutual plan, taking deposit notes subject to

assessments from time to time in proportion to the losses, or to insure for a term of years at a fixed annual premium, receiving the first year's premium in advance and taking a note payable in instalments at the commencement of each of the years during which the policy would run, it was *held*, that a policy issued upon the latter plan did not make the assured a stockholder or liable for the debts of the company, but was merely a contract by which the company undertook to indemnify the assured against loss for a term of years, provided he would pay a certain sum at the beginning of each year.

2.   SAME—*bankruptcy of company—liability of assured on premium note.* A party executed to such a company a note for $16.80, payable in annual instalments of $4.20. The note was given for a policy of insurance running five years from its date. The premium for the first year was paid in advance, and the note was for the four succeeding years. The first instalment, due at the beginning of the second year, was paid, but before that year expired the company became insolvent and suspended business, and the assured refused to pay the next instalment. There was a provision in the policy that, in the event any instalment should remain unpaid for thirty days after maturity, all the instalments or premiums should be due and payable as liquidated damages. In an action brought by the receiver of the company to recover the remaining instalments, it was *held*, that nothing was recoverable, as, upon the company becoming bankrupt, the consideration of the note—the protection against loss—failed.

APPEAL from the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. SKINNER & MARSH, and Mr. S. S. KNOLES, for the appellant.

Mr. N. W. BRANSON, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit brought by the receiver of an insolvent insurance company against Smith, upon a note for $16.80, payable in annual instalments of $4.20, bearing date July 2, 1868. The note was given for a policy, running five years from its date. The premium for the first year was paid in advance, and the note in question was for the premiums of the four succeeding

years, payable in instalments at the beginning of each year. The premium at the beginning of the second year was paid, but before that year expired the company became insolvent and suspended business. There was a provision in the policy that, in the event any instalment should remain unpaid for thirty days after maturity, all the instalments or premiums should be due and payable as liquidated damages. This suit was brought to recover these unpaid instalments or premiums.

There is no question but that the circuit court was correct in holding that the consideration of the note had failed, and that nothing was recoverable. This company was authorized to insure either upon the customary mutual plan, taking deposit notes subject to assessments from time to time in proportion to the losses, or to insure for a term of years at a fixed annual premium, receiving the first year's premium in advance and taking a note payable in instalments at the commencement of each of the years during which the policy would run. This species of policy did not make the assured a stockholder or liable for the debts of the company. It was merely a contract by which the company undertook to indemnify the assured against loss by fire for a term of years, provided he would pay a certain sum at the beginning of each year. When the company failed, of course all obligation to continue the payment of these notes, from year to year, terminated.

We do not understand on what ground a bankrupt company can continue to claim an annual payment for protection against fire, which it does not pretend to be able to furnish.

The judgment is affirmed.

*Judgment affirmed.**

---

*This opinion also applies to the following cases of the same term, in all of which the judgments of the court below are affirmed: *Farmers and Merchants' Insurance Co.* v. *James B. Kenedy; Same* v. *Robert Conover*; and *Same* v. *Henry J. Heinricks.*