# NATHANIEL SMITH

## *v.*

## FREDERICK BINDER.

1. INSURANCE — *right of company to premium in hands of agent after its insolvency.* Where money paid to an agent of an insurance company has not been paid over to the company, or accounted for to it, the company, having in the mean time become insolvent, cannot maintain an action for its recovery, as the consideration for which it was paid has failed.

2. SAME — *right of party to recover back premium in hands of an agent of an insolvent company.* Where a party insuring has paid the premium to the agent of the company, and before the agent has paid over the same, or assumed any liability on account of it, the company becomes insolvent, and such party notifies the agent that he claims the money, and does not rely

upon the policy issued to him, which is worthless, he may recover back the premium in a suit against the agent, even though he does not surrender the policy until after suit brought.

3. AGENT — *liability of, for money paid to him by another which he refuses to repay.*  Where a contract has been rescinded, or a person has received money as agent of another, who had no right thereto, and has not paid it over, an action may be maintained against the agent by the party entitled to it, to recover the money ; and the mere passing such money in account with his principal, or making a rest without any new credit given to him, fresh bills accepted, or further sums advanced to the principal in conse-quence of it, is not equivalent to a payment of the money to the principal. But, in general, if the money be paid over before notice to retain it, the agent is not liable.

4. INSTRUCTIONS — *when trivial errors in, will not reverse.*  Where the verdict and judgment are clearly right from the evidence, this court will not reverse for trivial errors in the giving or modifying of instructions.

APPEAL from the Circuit Court of La Salle county ; the Hon. EDWIN S. LELAND, Judge, presiding.

· Mr. SAMUEL RICHOLSON, for the appellant.

Messrs. BUSHNELL, BULL & GILMAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This cause was originally commenced before a justice of the peace, by Frederick Binder against Nathaniel Smith, to recover a certain sum of money which was paid to appellant, as agent of an insurance company, as the premium for two policies of insurance, issued to appellee upon certain property.

From the judgment of the justice of the peace an appeal was prosecuted to the circuit court, where a trial was again had, which resulted in a verdict in appellee's favor.

The appellant brings the record here, and seeks a reversal of the judgment ; first, on the ground the verdict is contrary to the evidence, and second, that the court erred in giving one instruction for appellee and in refusing an instruction as asked by him.

On the 7th day of September, 1871, appellant, who was

agent of The Fireman's Insurance Company, of Chicago, agreed with appellee to insure his property, valued at $3,500 ; an application was sent to the company, and two policies were returned, one in the Fireman's and the other in the Mutual Security, of Chicago, which was delivered to appellee, and he paid appellant the premium, which amounted to $127.

The property was insured for one year. The great fire in Chicago of October 9, 1871, rendered both of the companies insolvent. A few days after the fire, appellant informed appellee that he had not sent the premium paid for the insurance to the company, but still held it in his hands, and as the companies had failed, appellee claimed the money.

Appellant declined to pay the money back to appellee, and the evidence fails to show that he ever paid it to the company ; after the commencement of this suit, it appears he made a settlement with the assignee of the company and obtained a receipt in full, but · paid less than twenty dollars of the money, the balance, he testifies, was applied in payment of a debt the company owed him.

The policies were retained by appellee, although not regarded by him or appellant of any value, as appears from the interviews between them relative to a settlement of the matter, until after the suit was brought, when they were delivered to appellant.

It was held by this court, in *Farmers & Merchants' Ins. Co.* v. *Smith*, 63 Ill. 187, that an insolvent insurance company could not recover from the holder of one of its policies, upon a promissory note given for the insurance, upon the ground that the consideration for which the note was given had failed. It was there said, "We do not understand on what ground a bankrupt company can continue to claim an annual payment for protection against fire, which it does not pretend to be able to furnish."

Had appellee given a promissory note for the insurance, it is clear no recovery could have been had upon it by the company.

Upon the same principle, the money of appellee paid for the

insurance not having reached the company, and the consideration for which it was to be paid to the insurance company having failed, we perceive no ground upon which the company could maintain an action for its recovery.

If, then, the insurance company is not entitled to the money, the only remaining question to be considered is, whether the insured has a right of recovery against the agent.

The policies held by appellee were worthless, and while it would have been well for him to have surrendered them for cancellation, yet his failure to do this could not materially affect his rights.

It does not appear that appellee held the policies for the purpose of holding the insurance companies responsible in case of a fire; on the other hand, it is apparent from all the testimony that the policies were regarded as of no value by all concerned.

It is, however, insisted that appellant was acting as the mere agent of the insurance company, and on that account could not be made personally liable. This is not, however, an action brought against an agent to recover damages for the non-performance of a contract, but the theory upon which the action can be sustained is, that it is an action to recover back a specified sum of money received by him and wrongfully withheld.

The rule of law that must control the question is clearly stated in Vol. 1 Chitty's Pleadings, page 36, as follows : When a contract has been rescinded, or a person has received money as agent of another, who had no right thereto, and has not paid it over, an action may be sustained against the agent to recover the money; and the mere passing of such money in account with his principal, or making a rest, without any new credit given to him, fresh bills accepted, or further sums advanced to the principal in consequence of it, is not equivalent to a payment of the money to the principal. But, in general, if the money be paid over before notice to retain it, the agent is not liable. See also Story on Agency, § 300; *Hearsey* v. *Pruyn,* 7 Johns. 179.

Appellant had incurred no new liability to the company after he received the money, no bills were accepted or money advanced on account of it, and, when the insolvency of the companies occurred, the company of which appellant was agent had no just or legal right to insist upon its payment; and when appellee notified appellant that he claimed the money, appellant became bound to pay it over to him.

The objection taken to the instruction given for appellee is, that it was not justified by, or based upon the evidence.

The instruction was not, perhaps, fully warranted by the evidence, and should have been modified, but we do not think this instruction misled the jury. The verdict of the jury was right, on the evidence, and although slight errors may have intervened, we cannot on that ground reverse.

The same may also be said of the modification made by the court to appellant's sixth instruction.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*