**George FABE, Superintendent of Insurance, State of Ohio, Columbus, Ohio, Liquidator of Proprietors' Insurance Company (an Ohio Corporation), 7991 Columbus Pike, Delaware, Ohio 43014, Plaintiff,**

v.

**FACER INSURANCE AGENCY, INC., 341 S. Century, Rantoul, Illinois 61866, Defendant.**

No. 83–2101.

United States District Court, C.D. Illinois, Danville Division.

July 20, 1984.

Jane H. Henneman, Champaign, Ill., for plaintiff.

William R. Scott, Rantoul, Ill., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

BAKER, District Judge.

In this diversity action, the plaintiff, George Fabe (Fabe), Superintendent of Insurance of the State of Ohio, as liquidator of Proprietors' Insurance Company, an Ohio Corporation, with its principal place of business in Delaware, Ohio (P.I.C.), seeks to recover premiums and commissions from the defendant, Facer Insurance Agency, Inc., a Delaware Corporation, with its principal place of business in Rantoul, Illinois (Facer). More than $10,000 exclusive of interest and costs is at issue. *See* 28 U.S.C. § 1332. The material facts in the case are not in dispute and each party has moved for summary judgment. *See* Fed.R. Civ.P. 56.

### I.

P.I.C. was in the business of insuring against risks associated with aviation and, as "the Company", on January 17, 1980, entered into an Agency Agreement in writing with Facer as "the Agent." That contract provided generally that the agent was to procure proposals for contracts of insurance covering risks that the Company lawfully could insure against. As they apply to this case, the pertinent parts of the Agency Agreement are that:

[T]he agent may collect, receive, and receipt premiums on insurance proposals tendered to and accepted by the Company, and may hold such premiums as a trustee, separate and apart from all the other moneys belonging to the Agent and retain out of premiums so collected, as full compensation for business placed with the company, commissions ....

. . . .

Money due the Company on business placed by the Agent with the Company shall be paid in full no later than forty-five (45) days following the end of the month in which policies become effective.

. . . .

If the Company shall return or refund to any insured the whole or any part of premiums from which the Agent has retained commissions and/or charges, the Agent shall promptly repay to such insured the same proportionate part of retained commissions and/or charges.

After issuance by the Company of any contract of insurance directly to an insured, the Agent shall be liable to the Company for the earned premium on each policy or binder of insurance solicited and written through the Agent, whether the same shall have been collected or not.

Pursuant to the Agency Agreement, Facer solicited proposals, and P.I.C. wrote contracts of insurance for which premiums were collected and forwarded and commissions retained. Then, on July 30, 1981, Fabe's predecessors in office were appointed Conservator of P.I.C. by the Court of Common Pleas of Franklin County, Ohio, to oversee the rehabilitation or liquidation of P.I.C.

The Ohio Court enjoined:

... all persons having claims against the Defendant [PIC] from instituting or continuing any action; other than in this liquidation proceeding, which would (1) interfere ... with the possession, control, title, rights, or interests of the liquidator ... (2) tend to give rise to a ... preference, judgment, attachment, lien or the making of a levy against the Defendant [PIC] or its property or assets subject to the liquidator's control.

At various times between July 30, 1981, and September 4, 1981, all of the policies of insurance procured by Facer for P.I.C. were cancelled by Fabe, or his predecessors, acting under orders of the Ohio courts. On July 30, 1981, P.I.C.'s records show and Facer admits, that there was $20,453.47 due on account to P.I.C. from Facer as total premiums, both earned and unearned, for policies of insurance procured by Facer. There is also no dispute that on January 31, 1982, $9,580.75 was the amount of Facer's commissions on un-

earned premiums resulting from the cancellation of the P.I.C. policies written by Facer.

Fabe claims that Facer is liable for all the premiums due on July 30, 1981, without regard to whether the policies on which the premiums were due were subsequently cancelled and irrespective of whether the premiums became unearned premiums. It is also Fabe's position that Facer must seek its remedy for any offset for unearned commissions in the Ohio liquidation proceedings and, for that purpose, Facer must take its place as a general creditor of P.I.C.

Facer, on the other hand, contends that it is not liable to P.I.C. for unearned premiums and that the insolvency of P.I.C. and the cancellation of the policies, relieved Facer of its responsibility to forward premiums. As to the unearned commissions, Facer says it credited the cancelled policyholders for the amounts of those commissions when Facer wrote new policies to take the place of the cancelled P.I.C. policies. Facer asserts that the commissions rightfully belonged to the policyholders and not to P.I.C. and that Facer, therefore, returned the commissions to the policyholders.

Facer argues, and Fabe does not contest, that the law of Illinois is applicable to this case. *See Klaxon Company v. Stentor Electric Manufacturing Company,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). "Under traditional Illinois conflict of law principles, the validity, construction and obligation of a contract are determined by the law of the place where it is made and performed." (Footnote omitted.) *Zlotnick v. MacArthur,* 550 F.Supp. 371, 373 (N.D.Ill.1982), *citing Walker v. Lovitt,* 250 Ill. 543, 95 N.E. 631 (1911).[1]

1. The *Zlotnick* court and other courts have commented that Illinois choice of law rules in contract actions have not yet adopted the "most significant contacts" approach but still look in a somewhat mechanistic way to the respective places of execution and performance. *Zlotnick,* 550 F.Supp. at 373 n. 2; *N I I Metals Services, Inc. v. ICM Steel Corp.,* 514 F.Supp. 164 (N.D.Ill.1981); *Champagnie v. W.E. O'Neil Con-*

## II.

The crux of the dispute between Facer and Fabe lies in whether the terms of the Agency Agreement between P.I.C. and Facer control the economic relations of the parties or whether the statutory procedure for liquidation of an insolvent insurance company governs the case. Is this a case of interpretation of contract rights or a case of enforcing the statutory liquidation procedures for defunct insurance companies? It is apparent that the case is of the latter variety.

Illinois would certainly give full faith and credit to the Ohio Court's orders governing the liquidation of P.I.C. since there is nothing in the Ohio proceedings which is contrary to Illinois policy. *People ex rel. Ickes v. Rushworth,* 294 Ill. 455, 128 N.E. 555 (1920); *Mell v. Goodbody & Co.,* 10 Ill. App.3d 809, 295 N.E.2d 97 (1973).

## III.

■ Turning first to the question of the claim for premiums, the Illinois statute governing the rights of agents to set-offs or counterclaims against insurance companies in the process of liquidation is clear.

No set-off shall be allowed in favor or an insurance agent or broker against his account with the company, for the unearned portion of the premium on any cancelled policy, unless that policy was cancelled prior to the entry of the Order of Liquidation or Rehabilitation, and unless the unearned portion of the premium on that cancelled policy was refunded or credited to the assured on his representative prior to the entry of the Order of Liquidation or Rehabilitation.

Ill.Rev.Stat. ch. 73, Par. 818 (1981).

The plain meaning of the statute is that Facer owes Fabe for the premiums due on

*struction Co.,* 77 Ill.App.3d 136, 32 Ill.Dec. 609, 395 N.E.2d 990 (1979); *Cook Associates, Inc. v. Colonial Broach & Machine Co.,* 14 Ill.App.3d 965, 304 N.E.2d 27 (1973). However, it is not necessary to determine whether the Illinois choice of law rules would refer to Illinois law or Ohio law because, whatever law applies, the same result would obtain.

P.I.C. policies written by Facer prior to July 30, 1981, the date on which the Ohio Courts ordered the liquidation of P.I.C. The venerable cases of *Farmers' and Merchants' Insurance Company v. Smith*, 63 Ill. 187 (1872) and *Smith v. Binder*, 75 Ill. 492 (1874) do not support Facer's case, nor does *Holz v. Smullan*, 277 F.2d 58 (7th Cir.1960). The cases are decisions prior to the 1967 enactment of Ill.Rev.Stat. ch. 73, Par. 818 and are not consonant with the legislative statement of public policy regarding liquidations of insolvent insurance companies. Facer must look to the Ohio proceedings for the satisfaction of any claims against P.I.C. *See Ratchford v. U.S. Central Underwriters Agency*, 492 F.Supp. 137 (E.D.Mo.1980).

Facer's argument that, under the terms of the Agency Agreement, only earned premiums were required to be paid is without merit. The agreement plainly states that "money due the Company on business placed by the Agent with the Company shall be paid in full no later than forty-five (45) days following the end of the month in which the policies become effective." The last sentence of paragraph 2 of the Agreement does not relieve the Agent of the duty to remit premiums within 45 days. It merely makes clear that if the Agent extends credit to the insured, the Agent is still responsible to the Company whether or not he collects from the insured.

### IV.

The unearned commissions retained by Facer were on premiums that Facer had collected from policyholders and forwarded to P.I.C. The policies were all cancelled subsequent to July 30, 1981, the date of liquidation, and under Ill.Rev.Stat. ch. 73, Par. 818 (1981) Facer has no right of set off. The same rationale that makes Facer liable for the premiums makes it liable for the unearned commissions.

### V.

Facer claims damages for P.I.C.'s breach of the Agency Agreement. The claim is frivolous and does not merit discussion. No claim for damages can be made for breach of agreement where the breach is occasioned by court supervised liquidation. Facer's remedy is in the liquidation proceeding. *O'Hern v. DeLong*, 298 Ill. App. 375, 19 N.E.2d 214, 215 (1939).

### VI.

Fabe claims prejudgment interest and is entitled to recover it. Ill.Rev.Stat. ch. 17, Par. 6402 (1981) provides:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing ....

The amounts owed under the agreement were subject to ready calculation and the fact that Facer defends "in good faith" does not obviate Fabe's right to receive pre-judgment interest. *KFK Corp. v. American Continental Homes, Inc.*, 71 Ill. App.3d 304, 27 Ill.Dec. 420, 389 N.E.2d 232 (1979); *Hass v. Cravatta*, 71 Ill.App.3d 325, 389 N.E.2d 226 (1979).

### VII.

Finally, some mention should be made of the inconsistency of Facer arguing in this case that it should not be required to pay its obligations to P.I.C. in the Ohio liquidation proceeding and yet the briefs and the discovery reveal that Facer has made claims against the Illinois and Indiana Insurance Guaranty Funds on cancelled P.I.C. policies. Facer apparently took assignments from P.I.C. policyholders. *See generally* Ill.Rev.Stat. ch. 73, Par. 1065.82 *et seq.* (1981). Facer also has made claims in the Ohio liquidation proceedings for refunds from P.I.C. policies written in Wisconsin.

The rationale for creating the statutory procedures for liquidation of insurance companies is to provide a means of marshaling the insolvent companies assets and distributing them under court supervision. Avoiding preference of creditors is an aim of liquidation just as it is in federal bankruptcy. The guaranty funds maintained by the various states and the contributions

required from solvent insurance companies provide a means of ameliorating the financial impact on individual policyholders and spreading the losses caused by insolvency across the insurance industry. To allow Facer to avoid liability to the Ohio liquidator in this court would run counter to the whole public policy underlying the liquidation process.

IT IS THEREFORE ORDERED that the Clerk enter judgment in favor of the plaintiff, George Fabe, Superintendent of Insurance, State of Ohio, as Liquidator of Proprietors' Insurance Company, and against the defendant, Facer Insurance Agency, Inc., in the sum of $34,173.44 and costs of suit.[2]

2. The judgment is broken down as follows:

| | | |
|---|---|---|
| a. | Sum due on Count I | $ 20,453.47 |
| b. | Pre-judgment interest due on Count I from 8/20/81 (1075 days at 2.80) | 3,010.00 |
| c. | Sum due on Count II | $ 9,580.75 |
| d. | Pre-judgment interest due on Count II from 3/10/82 (862 days at 1.31) | 1,129.22 |
| | | $ 34,173.44 |